**Thomas KEEFE, Plaintiff,**

v.

**Mark SPANGENBERG, an individual and The City of Oklahoma City, a Municipal Corporation, Defendants.**

**No. CIV–80–1161–T.**

United States District Court, W. D. Oklahoma.

Oct. 20, 1981.

Eric J. Groves, Jernigan, Groves, Bleakley & Teague, Oklahoma City, Okl., for plaintiff.

Walter M. Powell and Grant E. Price, Oklahoma City, Okl., for defendants.

ORDER

RALPH G. THOMPSON, District Judge.

This action is before the Court, for consideration of the defendants' Motion to Suspend Legal Proceedings. Plaintiff has responded in opposition to the motion and briefs have been submitted by the parties in support of their respective positions.

Defendants contend that defendant Spangenberg is currently enlisted in the United States Marine Corps and is therefore entitled to relief pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 as amended (50 U.S.C.App. §§ 501–591). Upon consideration of the briefs and authorities cited by the parties, the Court finds that the defendant City of Oklahoma City has no standing to invoke the provisions of the Act.

**50**

Counsel for defendant Spangenberg was aware of his military service as early as March, 1981. Spangenberg's military service was the subject of an affidavit signed by him on May 8, 1981 but it was not brought to the attention of the Court or filed in this action in support of the requested delay until October 14, 1981, only four days prior to the scheduled trial. There has been no satisfactory explanation for this dilatory conduct.

 Spangenberg seeks to have all proceedings in the case suspended until his current, expected discharge date in 1984. Acknowledging the entirely laudable and important purposes of the Act, it should also be recognized that its purpose was not to shield a defendant from trial for such duration as his voluntary, peacetime enlistment might provide, or as long thereafter as he might choose to stay on active duty. The Act was enacted in 1940 to protect servicemen from having their absences taken advantage of by creditors and to enable them to devote their full time and energy to the nation's defense. It is, and should be, construed liberally for the benefit of the serviceman today, but it does not provide an automatic stay in every case. Where the proceedings can proceed without prejudicing the civil rights of the serviceman, and where the conduct of his defense is not materially affected by reason of his military service, the Act need not be used for delay. 50 U.S.C.App. §§ 510, 521.

■ Here, defendant Spangenberg is presently in training at Fort Gordon, Georgia. By continuing the trial of this case to the Court's November docket this defendant will have ample time to arrange for a leave or furlough to attend the trial in person or to be deposed by video tape deposition or otherwise. With the opportunity to appear personally or by video tape deposition, his testimony, appearance, mannerisms, intonations and other means of presenting his defense and evaluating his credibility will be before the jury. Under all of the circumstances herein described, it is found and concluded that such a continuance, followed by a trial on the November

docket, will accommodate the needs and interests of all parties and will not materially affect Spangenberg's conduct of his defense. The spirit and purpose of the Soldiers' and Sailors' Civil Relief Act will not be offended and will in fact be followed to the extent called for herein.

Accordingly, this action is hereby continued to the Court's November, 1981 Civil Jury Docket.