(636 P.2d 814)

No. 52,854

JENNIE LEE KRUMME, *Plaintiff-Appellant,* v. ROBERT R. KRUMME, *Defendant-Appellee.*

Opinion filed November 25, 1981.

*Daniel J. Markowitz,* of Roach & Mellinger, of Emporia, for the appellant.

*Duane D. Guy,* of Guy, Helbert & Bell, of Emporia, for the appellee.

Before JUSTICE PRAGER, presiding, ABBOTT, J., and HARMAN, C.J. Retired, assigned.

PRAGER, J.: This is a controversy over payment of child support in a divorce case. The parties were divorced in Lyon County district court on April 5, 1976. Determination of the issue of permanent custody of the minor child was continued until a home study could be made. On September 27, 1976, the trial court awarded permanent custody to the defendant, Robert R. Krumme, with the right of visitation to the plaintiff, Jennie Lee Krumme. No order of child support was entered. In December 1978, the plaintiff entered the United States Navy. The plaintiff thereafter employed Michael G. Patton, an Emporia attorney, to file on her behalf a motion for specific visitation. This motion was heard on September 22, 1978, and an order for specific visitation by the plaintiff was entered. On June 15, 1979, plaintiff, through Mr. Patton, filed another motion for modification of the visitation order which was sustained. On August 31, 1979, Mr. Patton filed a motion for visitation on behalf of plaintiff's mother, Dorothy Dillon, the grandmother of the child. Patton was designated as attorney for plaintiff. On September 22, 1979, a stipulation for visitation by the grandmother was approved by the court.

On January 7, 1980, defendant filed a motion for child support

which was noticed up for hearing on February 5, 1980. The certificate of service on this motion shows that notice of hearing was served by mail on Michael G. Patton who, as noted above, had been acting as attorney for the plaintiff. By letter dated January 29, 1980, a copy of which was filed with the court, Patton advised Duane D. Guy, attorney for the defendant, that he refused to accept service on the motion for child support, stating that Patton was no longer employed by Mrs. Krumme and that he must, therefore, decline service. There is on file in the record an affidavit of Mr. Guy that, subsequent to the sending of the letter, Patton informed him that he had sent a copy of the motion to plaintiff during the month of January 1980. It is important to note that Patton was attorney of record for plaintiff in the action from September 1978 to September 1979, during which period there were a number of motions for visitation considered by the court. No motion for his withdrawal as attorney for plaintiff was ever filed by Patton, nor was an order entered granting him permission to withdraw as required by Supreme Court Rule No. 117.

On February 5, 1980, when the motion was set for hearing, defendant and his counsel, Guy, appeared in court. Plaintiff was not present and there was no appearance by an attorney on her behalf. It is undisputed that at that time the plaintiff was a member of the United States Navy stationed near Washington, D.C. Notwithstanding the absence of an appearance by the plaintiff, the district court proceeded to hear the motion for child support. At the close of the hearing, an order was entered directing the plaintiff to pay child support through the clerk of the court in the amount of $150 per month. The court, prior to entry of the order, had been informed that plaintiff was entitled to a dependent's allowance from the Navy in that amount. On February 11, Duane D. Guy, as attorney for the defendant, mailed to plaintiff at her Navy address written notice of the February 5 order for child support. The letter enclosed a copy of the court's order and indicated that the letter was being sent at the direction and suggestion of Judge Miller. It further stated:

"The Judge determined that should you dispute his findings and order, you may employ an attorney to file a motion for modification and we can litigate the issue."

At this point, Patton again appears in the case as attorney on plaintiff's side. On February 12, 1980, Patton filed a motion as attorney for plaintiff's mother, Dorothy Dillon, requesting visita-

tion rights for Mrs. Dillon. It should be noted that this motion was filed by Patton only seven days after the order for child support was entered by the district judge. On April 16, 1980, Patton called Duane D. Guy on behalf of plaintiff, informing Guy that plaintiff was in town and that she desired visitation between April 16 and April 20, 1980. They negotiated specific visitation rights for plaintiff with her minor child in April of 1980.

On May 30, 1980, plaintiff obtained new counsel who filed a motion for relief from the judgment and for a restructuring of visitation rights. The attorney who filed that motion was Dale W. Bell of Emporia. The motion set forth plaintiff's objections and defense to the order for child support, alleging failure to comply with the Soldiers' and Sailors' Civil Relief Act of 1940, (50 U.S.C.A. § 520 [1981]). On September 11, 1980, the plaintiff appeared in person for a hearing on her motion with Neil Roach, an attorney of Emporia, and her motion for relief from judgment and modification of visitation was heard. By that time, the parties had worked out an agreement in regard to future child support to be paid by plaintiff which was to be $100 per month. In addition, they stipulated to agreed periods of visitation. The only issue remaining on the motion was the validity of the child support order of February 5, 1980.

The transcript of the hearing on the motion consists entirely of a colloquy between court and counsel. The plaintiff, although present in court, did not take the stand to testify that she did not receive notice of the hearing of February 5, 1980; nor did she testify about her income or about the allowance for dependents provided by the United States Navy; nor did she offer evidence as to the defendant's income. In other words, the record is absolutely devoid of any evidence whatsoever that the plaintiff did not receive actual notice of the hearing or that she was prejudiced or that she had a meritorious defense to the defendant's motion for child support.

The basic issue presented to us on appeal is whether the trial court abused its discretion in refusing to set aside its order for child support entered on February 5, 1980. The law governing the construction and application of Section 200 of the Soldiers' and Sailors' Civil Relief Act of 1940 (as amended in 50 U.S.C.A. §520) has been well settled by court decisions. That section provides as follows:

**"§ 520. Default judgments; affidavits; bonds; attorneys for persons in service**

"(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act [sections 501 to 591 of this Appendix]. Whenever, under the laws applicable with respect to any court, facts may be evidenced, established, or proved by an unsworn statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury, the filing of such an unsworn statement, declaration, verification, or certificate shall satisfy the requirement of this subsection that facts be established by affidavit.

"(2) Any person who shall make or use an affidavit required under this section, or a statement, declaration, verification, or certificate certified or declared to be true under penalty of perjury permitted under subsection (1), knowing it to be false, shall be guilty of a misdemeanor and shall be punishable by imprisonment not to exceed one year or by fine not to exceed $1,000, or both.

"(3) In any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him; and in such case a like bond may be required and an order made to protect the rights of such person. But no attorney appointed under this Act [sections 501 to 591 of this Appendix] to protect a person in military service shall have power to waive any right of the person for whom he is appointed or bind him by his acts.

"(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act [said sections] shall not impair any right or title acquired by any bona fide purchaser for value under such judgment."

At the outset, it should be emphasized that judgments in violation of this section are merely voidable and not void. Any judgment is valid if a serviceman fails to have the judgment vacated pursuant to subsection (4) as set forth above. *Boone v. Lightner,* 319 U.S. 561, 87 L.Ed. 1587, 63 S.Ct. 1223 (1943); *Allen v. Allen,* 30 Cal. 2d 433, 182 P.2d 551 (1947); *Rentfrow v. Wilson,* 213 A.2d 295 (D.C. 1965); *Davidson v. General Finance Corporation,* 295 F. Supp. 878 (N.D. Ga. 1968). Furthermore, the cases hold that a trial court has a wide measure of discretion in determining whether a default judgment entered against a person in the military service should be reopened. A judgment of a trial court refusing to vacate a default judgment obtained against a serviceman will be set aside only if an abuse of discretion is shown. *La Mar v. La Mar,* 19 Ariz. App. 128, 505 P.2d 566 (1973).

A person seeking to set aside a judgment taken against him while in the military service must show (1) that he was prejudiced by reason of his military service and (2) that he had a meritorious defense. *Thompson v. Lowman,* 108 Ohio App. 453, 155 N.E.2d 258 (1958); *Flagg v. Sun Investment & Loan Corporation,* 373 P.2d 226 (Okla. 1962); *Burgess v. Burgess,* 234 N.Y.S.2d 87 (1962). There is a comprehensive annotation on this subject at 35 A.L.R. Fed. 649.

After considering the entire record in this case, we have concluded that the district court did not abuse its discretion in refusing to set aside its order of February 5, 1980, requiring the plaintiff to pay child support. In arriving at this conclusion, we have considered the following undisputed evidence contained in the record: The plaintiff failed to show that she had not received notice of the hearing on the defendant's motion for child support which was set for February 5, 1980. The defendant's motion for child support with a notice for hearing was served on Michael G. Patton, attorney of record for the plaintiff, as authorized by K.S.A. 60-205. According to the affidavit of Duane D. Guy, attorney for the defendant, Patton informed him that he had mailed a copy of the notice to plaintiff during January of 1980. There was no evidence presented by plaintiff to refute this evidence. Plaintiff herself did not take the stand to testify that she had not received notice of the hearing nor did she call Michael G. Patton to the stand to rebut the affidavit of Guy. We cannot ignore the un-

disputed fact that Patton had been representing the plaintiff during 1979 and never filed a motion for withdrawal as required by Supreme Court Rule No. 117. He filed a motion as attorney for plaintiff's mother, Dorothy Dillon, requesting visitation rights on February 12, 1980, only seven days after the child support order was entered by the district judge.

Furthermore, the plaintiff failed to introduce evidence that she had been prejudiced by the order for child support or that she had a meritorious defense to the defendant's motion. At the hearing on her motion for relief from judgment, plaintiff was afforded an opportunity to show the amount of the dependent's allowance which she was receiving from the United States Navy and the earning capacity of the defendant. She did not do so. Under the circumstances, we cannot say that the district court abused its discretion in refusing to set aside its order for child support entered on February 5, 1980.

The judgment of the district court is affirmed.