586 A.2d 441

Peter B. BRUDER,

v.

John L. CARLIN and Jay R. Carlin.

Appeal of Jay R. CARLIN.

Peter B. BRUDER, Appellant,

v.

John L. CARLIN and Jay R. Carlin.

Superior Court of Pennsylvania.

Argued Sept. 27, 1990.

Filed Feb. 15, 1991.

Thomas O. Malcolm, West Chester, for appellant (at 149) and appellee (at 314).

154

John M. Sheridan, Media, for appellant (at 314) and appellee (at 149).

Before BECK, KELLY and POPOVICH, JJ.

BECK, Judge:

This is an appeal and cross-appeal from a judgment entered on a jury verdict in a personal injury suit. The issue we address is whether the trial court erred in refusing to award plaintiff delay damages on the basis of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. App. §§ 501–591 (1981) (the Act), because defendant was in military service for a portion of the time prior to the trial of this action.[1]

We affirm the judgment of the trial court insofar as it awards compensatory damages to plaintiff, but reverse the trial court's refusal to award delay damages and remand for calculation of those damages under the Act and new rule 238.

The parties were involved in an accident on July 14, 1983 in which plaintiff appellee, Peter B. Bruder, a pedestrian, was struck by an automobile operated by defendant appellant, Jay R. Carlin. Suit was instituted by writ of summons in mid–1985, followed by the filing of a complaint on January 17, 1986. The case was tried to a jury on June 15—17, 1988 and resulted in a substantial verdict for plaintiff. Plaintiff's petition for delay damages was denied and judgment on the verdict was entered.

On cross-appeal, plaintiff raises an important question regarding delay damages. The trial court denied plaintiff delay damages for the reason that defendant was in the military for a portion of the time between the filing of the

---

1. On direct appeal defendant raised a single issue which we find waived. He asserts that the trial court erred in permitting defense counsel in his closing argument to refer to life expectancy statistics published by the United States Department of Health, Education and Welfare where no such evidence was introduced at trial. The issue is waived because it falls squarely within the mandate of *Tagnani v. Lew*, 493 Pa. 371, 426 A.2d 595 (1981). The issue we address was raised on cross appeal.

complaint and the trial of this action. The court found that the Act precluded the imposition of any penalty on a defendant in the military service. In so concluding, the trial court applied the standard enunciated by the Supreme Court in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1987), and not new rule 238. At the time plaintiff filed his petition for delay damages, new rule 238 was not yet in effect. The new rule did not become effective until three months after the trial court denied delay damages.

The precise chronology of events was as follows. Plaintiff petitioned for delay damages on June 22, 1988, within ten days of the jury's verdict. Defendant opposed the petition and the court entered its opinion and order denying delay damages on August 17, 1988. Within ten days thereafter, plaintiff filed a post-trial motion contending that the denial of delay damages was in error.

Several months later, on May 1, 1989, plaintiff also sought reconsideration of the denial of delay damages. On December 12, 1989, the trial court denied plaintiff's motion for reconsideration.

Plaintiff contends that the Act does not preclude delay damages and that new rule 238 applies under this court's decision in *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 552 A.2d 258 (1988), (*overruled on other grounds* in *King v. SEPTA*, 383 Pa.Super. 420, 557 A.2d 11 (1989)). This court now must decide two questions: 1) whether the Act precludes delay damages and; 2) if the Act does not preclude delay damages, is the applicable standard *Craig* or new rule 238. We conclude that the Act does not totally preclude delay damages and that the applicable standard is new rule 238. We first address the applicable standard for delay damages.

New rule 238 became effective on November 7, 1988 and was specifically made applicable to "actions pending on or after the effective date of this rule in which damages for delay have not been determined." Pa.R.C.P. 238(f). Thus,

the new rule became effective after the trial court had decided the delay damages question, but before the court decided plaintiff's post-trial motions.

We conclude that new rule 238 applies. Since case law has established that new rule 238 applies to cases pending on appeal as of November 7, 1988, where the issue has been preserved, *Ceresini, supra,* it is clear the new rule applies to active cases in the pre-appeal stage. At the time the new rule was promulgated, the trial court in this case had not yet decided the post-trial motions. *Cf. Jistarri v. Fentress,* 390 Pa.Super. 209, 213, 568 A.2d 618, 621 (1989). Therefore, the trial court had not yet made its final determination on the issue, and the new rule is applicable.

■ Having determined that the new rule applies, we next address the effect of appellant's military service on the award of delay damages. The question of whether appellant's military service precludes an award of delay damages must be resolved by construction of both the rule and the Act. The new rule and the case law limits the circumstances under which a defendant may reduce or avoid delay damages. We must decide whether military service should be included in the list of limited circumstances.

■ Under the new rule, defendants are excused from liability for delay damages for the time after they make a written settlement offer where the plaintiff does not recover more than 125 percent of the offer and where the offer is kept open for the time specified in the rule. In addition, no delay damages accrue for the period of delay where the plaintiff has caused the delay of the trial. *Schrock v. Albert Einstein Medical Center,* 386 Pa.Super. 215, 216, 562 A.2d 875, 876 (1989) *allocatur granted,* 577 A.2d 891 (1990). The rule has also been construed to allow avoidance of delay damages where the defendant has made a settlement offer that exhausts his resources. *Id.* 386 Pa.Super. at 217, 562 A.2d at 877 (*citing Berry v. Anderson,* 348 Pa.Super. 618, 502 A.2d 717 (1986)). We now decide wheth-

er defendants' military service excuse their liability for delay damages.

The trial court would have permitted the defendant to avoid delay damages because of his military service. The court found that where, as in this case, the delay is "largely" due to the defendant's military service, the Act precluded the imposition of delay damages.[2] The court based this conclusion not on any specific provision of the Act, but rather on a general sense that the intent of the Act was to preclude any adverse consequences for one who serves in the military. Trial Court Opinion, at 1—2. We do not wholly agree with the trial court's interpretation.

■ We have carefully examined the Act and find that it aims at a suspension of the enforcement of civil liabilities and legal proceedings involving those in military service so as to avoid any prejudice to their rights while they are serving. The Act so states in its initial statement of purpose:

> In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act ... remains in force.

2. The trial court also relied in passing on two Pennsylvania statutory provisions, Pa.Cons.Stat.Ann. tit. 18, § 7323 (Purdon 1973) and Pa. Cons.Stat.Ann. tit. 51, § 7309 (Purdon 1982). The court stated that the spirit of these sections also precluded any adverse consequences for a person serving in the military. Neither statute is apposite to the issue presented.

50 U.S.C. App. § 510.[3]

Although this statement of purpose could be read to require the automatic suspension of legal proceedings against persons in military service, the Act itself does not so provide. Rather, the specifics of the Act are permeated with the overriding requirement that the military service of the defendant be shown to have prejudiced the defendant's ability to defend himself before special relief can be granted to him under the Act. *See Keefe v. Spangenberg*, 533 F.Supp. 49 (D.Okla.1981). For example, section 520 of the Act allows for the opening of a default judgment entered against a defendant during his military service, but *only* if it appears that the defendant was prejudiced in making his defense thereto as a result of his military service. 50 U.S.C.A. App. § 520(4). Similarly, section 523 permits a court to stay the execution of a judgment against a serviceperson *unless* the court finds that the ability of the person to comply with the judgment is not materially affected by his military service. *Id.* § 523.

These provisions demonstrate that the Act is not intended to provide automatic relief from the normal progress of civil litigation to defendants in the military, but rather to provide such relief only where warranted under the circumstances. *Id.; Rebar v. Rebar*, 165 Pa.Super. 341, 67 A.2d 598 (1949) (period of time in military service may be counted in computing time of desertion by husband of wife, thus providing grounds for divorce under prior law, where continuation of desertion was not due to military restraint); *Pokrzywnicki v. Kozak*, 353 Pa. 5, 44 A.2d 247 (1945) (chancellor should have allowed filing of exceptions *nunc pro tunc* where excepting party was in military service and, therefore, ten day filing deadline was difficult for him to meet).

Applying this general intent to the issue of the propriety of awarding delay damages under new rule 238 in cases brought against military defendants, we find that the fact that the defendant was in the military should be cause for

**3.** The Act is specifically made applicable to all proceedings in the courts of the several states. 50 U.S.C.App. § 512.

reduction or avoidance of delay damages only in those cases where it is demonstrated that the military service of a defendant was responsible for the delay of the trial. The delay damages award should be reduced only to account for those periods of delay where the defendant was demonstrably prejudiced in his ability to participate in the proceedings and that inability to participate resulted in a delay of the trial.

This standard adequately takes account of the special protections guaranteed to servicepersons by the Act, while remaining faithful to the requirements of rule 238. It fulfills the purposes of the Act by protecting military personnel from the effect of rule 238 where they are unable to participate in the case because of their service and this causes the delay of the trial. Clearly where the defendant is in the military and this prevents his full involvement in the conduct of his defense, he cannot be held to the requirement of rule 238 regarding the making of an adequate settlement offer. On the other hand, this standard also furthers the purposes of the rule because it does not exempt military personnel from the effect of the rule where they are able to participate and, presumably, to fulfill their responsibility to make the requisite settlement offer which will stop the accumulation of delay damages.

Having so concluded, we find that we must remand this case to the trial court for application of the standard set forth above and for calculation of delay damages under new rule 238. Here the trial court made only a general finding that the delay was "largely" due to the military service of the defendant, noting specifically that defendant's deposition had to be postponed due to his military service. However, our review of the record reveals that the deposition was delayed for only a few months and the trial court did not consider whether this short delay in the deposition actually delayed the trial of this matter. Furthermore, there is no indication that defendant's military service impacted on his ability to defend or participate in any other way or caused any other delay of the trial. We note that

defendant was represented by counsel throughout these proceedings and defendant appears to have participated in the case through his attorney at several times while he was in the military. We also point out that defendant was discharged from military service in December 1987 and the jury did not return its verdict until mid-June 1988. Thus, a substantial portion of the time period during which delay damages were accruing under new rule 238 was time after defendant's discharge. All of these factors must be considered by the trial court on remand and only the time during which the delay of the trial of this action was directly caused by defendant's military service should be excluded from the delay damages calculation.[4]

Judgment affirmed in part and reversed in part. The judgment is affirmed as to the compensatory damages awarded on the verdict of the jury. The judgment is reversed insofar as it did not include any award of delay damages. The case is remanded for a calculation of delay damages in accordance with new rule 238 and this opinion.

---

4. Of course, on remand the trial court should engage in a thorough application of all of the criteria of new rule 238, including an inquiry into whether any period of delay of trial was caused by plaintiff. If such is shown, this period must also be deducted from the time during which delay damages were accruing. Pa.R.C.P. 238(b)(2).