590 A.2d 1290

**Sherri OSTROWSKI**

**v.**

**John Scott PETHICK, Appellant (Two Cases).**

Superior Court of Pennsylvania.

Argued March 5, 1991.

Filed May 14, 1991.

Donna M. Devita, Scranton, for appellant.

Sylvia H. Hahn, Scranton, for appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge.

Appellant John Scott Pethick appeals from the May 11, 1990 order denying his petition to strike an April 7, 1989 support order.[1] Appellant also appeals from the June 27, 1990 order denying his motion for post-trial relief. Appellant contends that the court erred in denying his petition to strike because the underlying support order was entered in violation of his rights under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. § 501 et seq. For the reasons set forth below, we quash the appeal from the June 27, 1990 order, and we reverse the May 11, 1990 order denying appellant's petition to strike the support order.

In July 1984, appellee Sherri Ostrowski filed a complaint for child support against appellant John Scott Pethick, alleging that he was the father of her child (hereinafter "J.M."), born out of wedlock on April 8, 1984. Thereafter, a conference was held before a domestic relations officer, wherein appellant denied paternity of the child. Blood tests were scheduled but not completed because appellant had

---

1. Specifically, appellant filed a "PETITION TO STRIKE OFF COURT ORDER DATED APRIL 7, 1989 AND TO DIRECT THAT THE PARTIES SUBMIT TO BLOOD TESTING FOR THE ESTABLISHMENT OF PATERNITY." *See* R.R. at 128a.

moved to California. The action was eventually dismissed. Subsequently, in the spring of 1985, appellant, who was serving in the United States Navy, received notification from the Lackawanna County Domestic Relations Office concerning the paternity and support of J.M. Pursuant to that notification, appellant arranged to have his Basic Allowance for Quarters (BAQ) allotment sent to appellee and to have medical insurance provided for J.M. through the Navy. Appellant denied that these activities were done on a voluntary basis; he testified that they were done in response to orders from the Navy. Appellee received BAQ allotment checks until 1988, when, for reasons that are unclear, the payments ceased.

On October 13, 1988, appellee filed a second complaint for child support naming appellant as the father of J.M. At this time, appellant was serving on the USS Farragut, which was deployed in the Mediterranean Sea. Nevertheless, despite the fact that appellant had neither appeared in court nor been represented by counsel, a temporary order of support was entered on April 7, 1989 directing appellant to pay $327.00 per month for the support of J.M. On October 17, 1989, appellant filed a petition to strike off the order of April 7, 1989. A hearing was held on this petition on January 10, 1990. On May 11, 1990, the court denied appellant's petition because it found, *inter alia*, that appellant failed to demonstrate a meritorious defense. *See* Trial Court Opinion, September 25, 1990. On May 21, 1990, appellant filed post-trial motions. On June 8, 1990, appellant filed an appeal from the May 11, 1990 order. Thereafter, on June 27, 1990, the court denied appellant's motion for post-trial relief, and, on July 25, appellant appealed from the June 27 order. The appeals were consolidated by order of this Court dated October 19, 1990.

As a preliminary matter, we note that the appeal from the June 27, 1990 order is improper. A trial court's refusal to strike a judgment constitutes a final, appealable order. *See, e.g., Strickler v. United Elevator Co.*, 257 Pa.Super. 542, 550, 391 A.2d 614, 618 (1978). Thus, there is

no need to file post-trial motions after such an order, and an appeal cannot lie from the denial of such motions. Moreover, appellant filed his appeal from the May 11, 1990 order on June 8, 1990, which was within the thirty-day period established by Pa.R.A.P. 903, and the pendency of this appeal deprived the court of jurisdiction to act on the post-trial motion. *See* Pa.R.A.P. 1701(a). Thus, the court's denial of appellant's motion for post-trial relief was a nullity, *see Kaiser v. 191 Presidential Corp.*, 308 Pa.Super. 301, 454 A.2d 141 (1982), and the appeal from this denial is improper. Accordingly, we quash the appeal from the June 27, 1990 order. Our quashal of this appeal in no way affects appellant's substantive rights, however, as the sole claim, properly presented in the appeal from the May 11, 1990 order, concerns the propriety of the denial of the motion to strike.

The central issue presented on appeal is whether the court below erred in denying appellant's petition to strike off the April 7, 1989 support order when that order was entered in his absence and without legal representation on his behalf, in violation of his rights under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. § 501 *et seq.* (hereinafter "Soldiers' and Sailors' Act"). We begin with our standard of review. A trial court's denial of a petition to strike will not be disturbed absent an abuse of discretion. *See Sklar v. Harleysville Ins. Co.*, 526 Pa. 617, 587 A.2d 1386 (1991); *see also Allen v. Allen*, 30 Cal.2d 433, 182 P.2d 551 (1947) (trial court abused its discretion in refusing to permit serviceman to defend support action); *In re Larson*, 81 Cal.App.2d 258, 183 P.2d 688 (1947) (trial court abused its discretion in refusing to permit serviceman to defend action to change daughter's name), *disapproved of on other grounds, In re Marriage of Schiffman*, 28 Cal.3d 640, 169 Cal.Rptr. 918, 620 P.2d 579 (1980).

With regard to appellant's specific claim, we note that, to set aside a judgment taken against him while he was in the military, he must show that (1) he was prejudiced by reason of his military service, and (2) he had a meritori-

ous defense to the underlying action. *See* 50 U.S.C.App. § 520(1)–(4); *see also Krumme v. Krumme*, 6 Kan.App.2d 939, 636 P.2d 814 (1981); 35 A.L.R.Fed. 649. Section 200 of the Soldiers' and Sailors' Act provides, in part:

(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application made such appointment.

\* \* \* \* \* \*

(3) In any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him. . . .

(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant

has a meritorious or legal defense to the action or some part thereof.

*Id.* The Act applies to all proceedings in the courts of the several states. *Id.* § 512; *see also Bruder v. Carlin,* 402 Pa.Super. 152, 158 n. 3, 586 A.2d 441, 444 n. 3 (1991). Judgments entered in violation of this section are merely voidable and not void. Thus, a judgment will remain valid until properly attacked by a serviceman pursuant to § 520, subsection (4). *See generally Boone v. Lightner,* 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943). One of the purposes of § 520 is to prevent default judgments from being entered against persons in the military in circumstances where they might be unable to appear and defend themselves. *See, e.g., U.S. v. Kaufman,* 453 F.2d 306 (C.A.N.Y.1971).

In the instant case, it is undisputed that appellant was serving in the United States Navy on a ship which was deployed in the Mediterranean at the time the April 7, 1989 temporary support order was entered. *See* N.T. January 10, 1990, at 54. Appellee filed no affidavit showing that appellant was not in the military service. *See* 50 U.S.C.App. § 520(1). Appellant, however, testified that, in February of 1989, he received a petition for child support and voluntary acknowledgment of paternity from the domestic relations office. N.T. January 10, 1990, at 54. Appellant testified further that, in response to this petition, the Navy informed the court that appellant was aboard the USS Farragut. *Id.* at 55. In addition, an assistant director of the domestic relations office testified that he had received notice from the Navy that appellant was aboard the USS Farragut. *Id.* at 20–22. Nevertheless, the trial court did not appoint counsel to represent appellant in the proceeding for support of J.M., and the order was entered without appellant appearing either in person or through counsel. *See* 50 U.S.C.App. § 520(3); *see also Chenausky v. Chenausky,* 128 N.H. 116, 509 A.2d 156 (1986) (subsection (3) of § 520 of Soldiers' and Sailors' Act authorizes court to appoint attorney to represent party who does not

appear personally or by attorney in situations not covered by subsection (1)). Thus, it is apparent that appellant was denied the opportunity to make a defense to the support/paternity claim because he was in the military. Accordingly, because appellant was prejudiced by reason of his military service, the support order of April 7, 1989 is voidable, *see Boone v. Lightner, supra,* provided that appellant has a meritorious or legal defense to the support action. *See* 50 U.S.C.App. § 520(4).

On this point, appellant contends that he is not J.M.'s father, and therefore he should not be obligated to make support payments. Specifically, appellant argues that his consistent denial of paternity, the fact that the child was born out of wedlock, and the fact that appellant was not listed as the father on the original birth certificate constitute a valid defense to this action. We agree. Appellee, herself, admitted that appellant repeatedly has denied paternity of J.M. *See* N.T. January 10, 1990, at 4, 46. Although appellant admits to having engaged in sexual relations with appellee while the two were dating in high school, he testified that appellee had also been sexually involved with other men at that time. *Id.* at 42–45. Furthermore, blood tests were never performed in order to establish paternity. In addition, appellant has never treated J.M. as his child. For example, he has never sent the child gifts or cards, and, although he has visited appellee on occasion, he has never made a trip just to visit the child. *Id.* at 60–61. Finally, appellant asserts that his actions of obtaining medical insurance for the child and placing the child on his BAQ allotment were not voluntary, but were performed due to his belief that he was acting upon orders from the Navy. *Id.* at 59–60. Based on the above allegations, there is a serious question as to whether appellant, in fact, is the father of J.M. We are aware, of course, that, in any subsequent action on this matter, the evidence may demonstrate that appellant is J.M.'s father. However, for purposes of this appeal, we are satisfied that appellant has a meritorious defense to the support/paternity action.

■ Appellee, on the other hand, contends that appellant is equitably estopped from denying paternity of J.M. because he held himself out to be the child's father. Under the doctrine of equitable estoppel, if the putative father has indicated by his conduct that the child is his own, he is estopped from denying paternity. *See Wachter v. Ascero,* 379 Pa.Super. 618, 550 A.2d 1019 (1988); *Manze v. Manze,* 362 Pa.Super. 153, 523 A.2d 821 (1987). Here, the only fact weighing in favor of a finding of equitable estoppel was appellant's action in placing J.M. on his Basic Allowance for Quarters (BAQ) allotment and arranging for medical insurance for the child through the Navy. *See* N.T. January 10, 1990, at 51–52. As we have noted above, however, appellant explained that he was required by the Navy to do these acts. *Id.* at 52. Every other factor—i.e., appellee's own testimony that appellant has consistently denied paternity, the fact that appellant has never sent the child a card or a gift, that all of appellant's visits to appellee and her child were for the purpose of seeing appellee, and, finally, that appellant has never lived with appellee and J.M. and was never married to appellee, *id.* at 60–61—indicates that appellant has not held himself out to be J.M.'s father. Accordingly, we find that appellant is not equitably estopped from denying paternity of J.M.

In summary, we find that appellant was prejudiced in presenting his defense to the support/paternity action because of his military service, and that he has a meritorious defense to that action. Thus, we must conclude that the court below abused its discretion in denying his motion to have the support order stricken. Accordingly, we reverse the order denying appellant's petition to strike the order of April 7, 1989. *See Chenausky v. Chenausky, supra,* (default order for child support against serviceman vacated under authority of Soldiers' and Sailors' Act because serviceman could not attend hearing due to military service); *Allen v. Allen, supra* (order denying defendant's motion to vacate support order reversed under authority of Soldiers' and Sailors' Act where defendant could not attend support

hearing due to military service and court did not appoint attorney to represent him); *In re Larson, supra* (order denying appellant's motion to vacate decree changing daughter's name reversed under authority of Soldiers' and Sailors' Act where appellant prejudiced in making defense due to military service).

For the foregoing reasons, we quash the appeal from the June 27, 1990 order, and we reverse the order of May 11, 1990.

Appeal from order of June 27, 1990 is quashed. Order of May 11, 1990 is reversed. Jurisdiction is relinquished.