J-S04015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ZACHARY LASH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL D. LETTERMAN | : | No. 768 MDA 2017 |

Appeal from the Judgment Entered April 7, 2017
In the Court of Common Pleas of Berks County Civil Division at No(s):  15-17493

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                              **FILED MARCH 08, 2018**

Appellant Zachary Lash ("Lash") appeals from the judgment entered in favor of Paul D. Letterman ("Letterman") in this personal injury case. Because Appellant failed to preserve his issues for review, we affirm.

This case arises out of injuries Lash sustained when the side view mirror of Letterman's vehicle struck Lash's elbow while Lash was jogging with his back to oncoming traffic[1] along Dryville Road in Fleetwood, Pennsylvania, at approximately 10:00 p.m. on September 8, 2013.  Lash filed a complaint against Letterman on January 28, 2016, alleging

---

[1] 75 Pa.C.S. § 3544(c) provides:  "Where neither a sidewalk nor a shoulder is available, any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of the roadway and, if on a two-way roadway, shall walk only on the left side of the roadway[,]" *i.e.*, facing oncoming traffic.

recklessness and negligence. Following a two-day trial in April of 2017, the jury returned a defense verdict, attributing to Lash fifty-one percent comparative negligence and to Letterman forty-nine percent comparative negligence. Lash directly emailed to the trial court a motion for post-trial relief on April 18, 2017, seeking judgment notwithstanding the verdict or a new trial, and he filed a motion for post-trial relief and *in forma pauperis* status on April 25, 2017. Lash filed a notice of appeal on May 5, 2017. The trial court filed an opinion and order on May 10, 2017, denying Lash's post-trial motions. By order entered June 9, 2017, the trial court directed Lash to file a Pa.R.A.P. 1925(b) statement, which Lash failed to do.

As a preliminary matter, we raise a jurisdictional issue. "[T]he law of this Commonwealth has long recognized that the entry of judgment is a jurisdictional matter." ***Johnston the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511, 514 (Pa. Super. 1995); ***see also Davanzo v. Finelli***, 437 A.2d 995, 996 (Pa. Super. 1981) ("[T]he entry of judgment is a prerequisite to our exercise of jurisdiction."). Moreover, "an appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." ***Johnston the Florist***, 657 A.2d at 514 (Pa. Super. 1995). Pursuant to Pa.R.C.P. 227.4, the prothonotary shall enter judgment on a verdict, upon the praecipe of a party, **if no timely** post-trial motion is filed. Pa.R.C.P. 227.4(1)(a) (emphasis added).

Our Supreme Court's discussion of finality of judgments in ***Moore v. Quigley***, 168 A.2d 334 (Pa. 1961), compels the conclusion that judgment in this case was entered prematurely. The ***Moore*** Court dismissed the appeal therein because the entry of judgment before the time for filing post-trial motions had expired was improper:

> Whatever period may be fixed by local rule for the filing of such motions, a judgment should not be entered until the time prescribed for such filing has expired, and where a motion for a new trial is filed within the allotted time, judgment cannot, of course, be entered until the motion is disposed of by the court's refusal of a new trial.

***Id.*** at 336 (footnotes omitted). ***Accord Incollingo v. Ewing***, 379 A.2d 79, 84 (Pa. 1977) ("Under ***Moore*** …, plaintiff cannot enter judgment on his verdict until the new trial motions have been adjudicated.").

Here, the trial court erroneously entered judgment in favor of Letterman on April 7, 2017, two days after entry of the verdict and before the ten-day period for filing a post-trial motion had expired. Pa.R.C.P. 227.4(1)(a); ***Moore***, 168 A.2d at 336; ***Incollingo***, 379 A.2d at 84. Moreover, neither party praeciped for the entry of judgment after the period for filing a post-trial motion had expired. Nevertheless, we will consider as done that which should have been done. ***Accord McCormick v. Northeastern Bank of Pa.***, 561 A.2d 328, 330 n.1 (Pa. 1989) ("Although we note that the decision of the trial court dismissing appellants' motion for post-trial relief was not reduced to judgment by praecipe of either party …, in the interests of judicial economy, we shall regard as done that which

ought to have been done.") (internal quotation marks and citation omitted). We decline to delay the disposition of this appeal and remand to allow the parties to complete the ministerial task of filing the aforementioned judgment. We are, therefore, satisfied that this appeal is properly before us.

On appeal, Lash presents two questions for our consideration:

> The Trial Court erred when it ruled out [Lash's] crucial lay testimony that [Letterman] drove drunk. Proffers were made in two February 2017 pre-trial conference memos anticipating the March 1, 2017 conference. The proffer was brief in written response to [Letterman's] motion *in limine* which went to hearing on March 22, 2017, resulting in a ruling that [Lash] was prohibited from eliciting such testimony. The Trial Court erred in making the pre-trial ruling, and it erred when it reversed itself in the middle of [Lash's] case at trial on or about April 4, 2017. *Vetter v. Miller*, 157 A.3d 943 (Pa. Super. 2017).

> The Trial Court erred in its response to a jury question during deliberation asking whether all of [Lash's] conduct should be considered when assessing whether [Lash] was negligent. Without answering the question, the [Trial] Court fashioned a new charge encouraging the jury to look at all of [Lash's] actions, which encompassed questionable conduct three hours after the collision.

Lash's Brief at 5 (full italicization omitted).

Upon review, we are unable to reach the merits of Lash's claims because he has failed to preserve them. An appellant must file post–trial motions within ten days after the court enters a verdict. Pa.R.C.P. 227.1(c). Once a party files a notice of appeal, the trial court generally lacks jurisdiction to act further on the merits of the case. Pa.R.A.P. 1701(a). Therefore, the pendency of an appeal deprives the trial court of jurisdiction

- 4 -

to act on a post-trial motion. ***Ostrowski v. Pethick***, 590 A.2d 1290, 1292 (Pa. Super. 1991).

Additionally, Pa.R.A.P. 1925 allows the trial court to "enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of errors complained of on the appeal ("Statement")" no later than twenty-one days after entry of such order. Pa.R.A.P. 1925(b), (b)(2). Issues not raised in a Rule 1925(b) Statement will be deemed waived. Pa.R.A.P. 1925(b)(4)(vii); ***accord Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

Here, the jury returned a verdict on Wednesday, April 5, 2017. Because the tenth day for filing a post-trial motion fell on a Saturday, Lash had until Monday, April 17, 2017, to file timely post-trial motions. Pa.R.C.P. 227.1(c); ***see*** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever last day of any such period shall fall on Saturday or Sunday, or legal holiday, such day shall be omitted from computation). He emailed post-trial motions to the trial court on April 18, 2017, and he filed a separate post-trial motion on April 25, 2017, both more than ten days after entry of the verdict. Trial Court Opinion, 5/10/17, at 1; Docket Entry No. 38. Lash then filed a notice of appeal on May 5, 2017. Upon receiving Lash's notice of

appeal, the trial court issued an order dated May 8, 2017, and filed June 9, 2017, directing Lash to file a Rule 1925(b) Statement, which Lash failed to do. The trial court also issued an opinion and order, dated May 9, 2017, and filed May 10, 2017, denying Lash's post-trial motions. Finally, the trial court entered an order on July 3, 2017, noting that Lash "failed to file a Concise Statement of Errors as Ordered" and adopting its May 10, 2017 opinion for purposes of Pa.R.A.P. 1925(a).[2]

Upon review, we hold that Lash failed to preserve his issues for appellate review because his post-trial motions were untimely and he failed to file a court-ordered Rule 1925(b) Statement. Pa.R.C.P. 227.1(c); Pa.R.A.P. 1925(b)(4)(vii). We further hold that the trial court lacked jurisdiction to deny Lash's untimely post-trial motions, and its order purporting to do so "was a nullity." **Ostrowski**, 590 A.2d at 1292; Pa.R.A.P. 1701(a).[3]

Judgment affirmed.

---

[2] Lash has failed to attach to his brief a copy of the trial court's May 10, 2017 opinion in contravention of Pa.R.A.P. 2111(b).

[3] Even if Lash's claims were not waived, we would affirm on the basis of the trial court's well-reasoned opinion. Trial Court Opinion, 5/10/17, at 1–13, 15.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/08/2018