MORRIS PLAN BANK OF GEORGIA *v.* HADSALL.

DUCKWORTH, Presiding Justice. 1. Under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U. S. C. A., § 520, cumulative part), a prerequisite to taking a default judgment against a person in the military service is an affidavit by the plaintiff showing that the defendant is not in the military service, or other action therein specified.

2. Under the above act, a default judgment taken without complying with the above requirement may be set aside on motion of the service man if made within 90 days from the date of his release from service.

3. Such a judgment, however, is not void, but is merely voidable on motion of the service man made within the 90-day time limit there fixed and showing that he has been thereby prejudiced and injured.     Hynes *v.* City of Ada, 195 Okla. 465 (158 Pac. 2d, 907); Commercial Credit Corp. *v.* Smith, 143 Tex. 612 (187 S. W. 2d, 363); Mims Brothers *v.* N. A.

James Inc. (Tex. Civ. App.), 174 S. W. 2d, 276; *Oliver v. Oliver*, 244 Ala. 234 (12 So. 2d, 852) ; Eureka Homestead Society *v. Clark,* 145 La. 917 (83 So. 190) ; Combs *v.* Combs, 180 N. C. 381 (104 S. E. 656) ; *Harrell* v. *Shealey,* 24 *Ga. App.* 389 (100 S. E. 800).

4. On application of the foregoing principles of law to the present motion by an ex-service man to set aside a default judgment entered against him during his military service, upon the ground that there· was not a compliance with the Federal statute, which motion was filed on March 4, 1946, and shows on its face that the movant was discharged from military service on September 27, 1945, the motion should have been dismissed on demurrer upon the ground that it was not brought within the 90-day time limit fixed by the statute for bringing such a motion. This time limit 'fixed by the statute. is not altered by the allegation that the movant did not learn of the existence of the judgment until within 90 days of the date the motion was filed.

5. Since there was no process and no process prayed for, the motion could not be a legal basis for setting aside the judgment, which was rendered several terms previously, for fraud under the State law. *Plunkett* v. *Neal*, 201 ·Ga. 752 (41 S. E. 2d, 157).

6. While this case is one at law involving a common-law judgment for only $278.81 plus interest and attorney's fees of $41.82, the Supreme Court is required to take jurisdiction and decide the same under article 6, section 2, paragraph 8 of the Constitution of 1945, because the Court of Appeals, which had jurisdiction of the same, was unable to render judgment because the judges were equally divided, Broyles, C. J., Sutton, P. J. and Parker, J., being of the opinion that the judgment should be reversed, and MacIntyre, Felton and Gardner, JJ., being of the opinion that the judgment should be affirmed.

*Judgment reversed. All the Justices concur.*

No. 15713. FEBRUARY 4, 1947. REHEARING DENIED MARCH 20, 1947.

*Houston White* and *Sam F. Lowe Jr.,* for plaintiff.
*Sam G. Dettelbach,* for defendant.