## POWELL v. SMITH et al.

WYATT, Justice. The plaintiff in error employed counsel to file suit on his behalf in December, 1940. He was at that time enlisted in the United States Navy. The suit was duly filed on December 14, 1940. By agreement of counsel, the case was continued from term to term until the November term, 1942, when the court entered an order dismissing the case for want of prosecution. At the time this order was entered, counsel for the plaintiff advised the court that his client was in the United States Navy; that he had not heard from his client, and that he was not in position to resist the motion to dismiss, but called the court's attention to the Soldiers' and Sailors' Civil Relief Act. The plaintiff was in Bainbridge in December, 1942, and on several occasions in 1944, and did not contact his employed counsel on either of these occasions. He was discharged from the Navy on November 28, 1945. On March 20, 1946, he filed his petition to reinstate the case and vacate the order of dismissal. After a hearing, the trial court entered an order refusing to vacate the judgment of dismissal. *Held:*

The Soldiers' and Sailors' Civil Relief Act of 1940 provides: "If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof." 50 U. S. C. A. App., § 520. It is unnecessary to decide whether this provision of the act applies to both a plaintiff and a defendant, or simply to a defendant, for the reason that the motion in this case, made more than ninety days after the plaintiff's discharge from service, comes too late in either event. If this provision of the act does not apply to a plaintiff, he, of course, would have no period of time in which he would be entitled to have his case reinstated as a matter of right under the provisions of the Soldiers' and Sailors' Civil Relief Act. The trial court did not err in refusing to vacate the judgment of dismissal.

*Judgment affirmed. All the Justices concur.*

No. 15658. FEBRUARY 4, 1947.

*Charles H. Kirbo,* for plaintiff.
*W. H. Miller* and *John R. Wilson,* for defendants.