## Hudson v. Hightower et al.

April 27, 1948.

Rodes, Harlin & Willock and John B. Rodes for appellant.

B. G. Davidson for appellees.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

Elizabeth Hightower and others, the appellees, obtained a judgment against Hubert Hudson, appellant,

declaring void a previous judgment and order of sale under which Hudson had purchased title to the Hightower home. Hudson appeals.

It is now contended that the chancellor's judgment is reversibly erroneous because the voided judgment and order of sale, which stood unattacked for more than three years, had been built upon the solid rock of that essentiality, viz., jurisdiction of subject and parties, necessary to vouchsafe validity.

The original suit was an action for the enforcement of a mortgage lien. And eventually, the subject property was, after entry of an uncontested judgment, duly appraised, advertised and sold at public auction upon competitive bidding at the courthouse door. Its appraised value was $1,200 and its sale price was $1,480. After receiving a deed, properly executed by the master commissioner and fully approved by the court, Hudson, who was said to be a bona fide purchaser, and a stranger to the case, took possession of the property and spent $1,500 in giving it "that new look" as well as that enhanced value of its present condition.

Exactly three years, four months and twenty-one days after execution and delivery of the court's deed, these appellees attacked the original judgment with its order of sale on the theory of its voidness. It was void, appellees say, because of certain irregularities preceding the judgment. Six of the original suit's defendants, who are among the present appellees, were infant owners of the property. And one of the six infant owners was a temporary non-resident because of his military service at the time of the suit and the entry of the judgment.

In the first place, appellees contend that the judgment was void because the court did not have jurisdiction of the subject; that this defect existed because all the allegations of the petition were not proven; that all allegations in a suit of this kind against infants must be proven to insure basic validity. They cite Wagner v. Peoples Bldg. & Loan Assn. 292 Ky. 691, 167 S. W. 2d 825 as sound authority for ample support of this proposition. However, we notice that this Wagner case was dealing with a judgment of January 21, 1930, and was construing the law as it existed at that time, while

our instant case is dealing with a judgment of February 1, 1943, and it must be construed by the law as it then existed. It should be noted that legislative enactments of 1942 and 1944 changed Sec: 489 of the Ky. Civil Code of Practice, which pertains to procedure for selling land of infants. Those enactments provide, in substance, that a judgment would not thereafter be rendered void by a preliminary defect in a suit to sell land of infants, unless such defect was of such a kind as to render the judgment void as to parties of full legal capacity. See Par. 9, Chap. 137, Ky. Acts of 1942, also Par. 10, Sec. 489, Ky. Civil Code of Practice, as amended in 1944, Acts 1944, c. 20. Prior to 1942, our courts had always considered themselves as the special guardians of all persons of legal incapacity and had given such persons a sort of unusual consideration when they attacked any judgments asserted to be void. But in 1942, the legislature placed all such persons on a basis of exact equality with all other parties of regular legal capacity in any case involving a determination of the voidness of a judgment. That means that any question now arising as to whether an attacked judgment might be void presents only this inquiry; *Did the adjudging court have jurisdiction of the subject and the parties, all of whom must be treated as sui juris?* Accordingly, mere irregularities and even prejudicial errors of reversible magnitude cannot overthrow a judgment on the ground of voidness, providing the rendering court had jurisdiction of the suit's subject and parties. Of course, an infant still has a right of regular appeal for a presentation of his claims of ordinary, reversible, prejudicial errors, outside of any question of voidness of judgment, at any time within a year after termination of his infancy. See Sections 745 and 391, Ky. Civil Code of Practice. But the present case does not involve Sec. 745 nor Sec. 391, Ky. Civil Code of Practice, nor reversible errors. It involves only a question of voidness. Since a failure to prove the allegations of an uncontested suit would not make its judgment void as to persons sui juris, such a failure would likewise not make the judgment void in the instant case.

In the second place, appellees contend that the judgment was void because the court did not have jurisdiction of themselves as parties to the suit. They mention

several irregularities, one of which was said to be an untrue affidavit for appointment of a warning order attorney for an infant owner of this property who was not a non-resident but was merely absent in military service. But it has been held in other jurisdictions that a default judgment taken against a serviceman without proper affidavit required by the Soldiers' And Sailors' Civil Relief Act constitutes a *voidable* rather than a *void* judgment and is therefore one to be remedied by regular appeal on proper showing of prejudice and injury within 90 days after discharge. Snapp v. Scott, 196 Okl. 658, 167 P. 2d 870; Morris Plan Bank of Ga. v. Hadsall, Ga. Sup., 41 S. E. 2d 881. In the instant case, no step whatever was taken by our returned serviceman relative to this matter at any time within 90 days or even within 180 days after his discharge. Therefore, we believe that the judgment against him was, at most, voidable and therefore subject to regular reversal on appeal had he proceeded within 90 days of his discharge and demonstrated an injury to himself. See Sec. 20, Title 50 U. S. C. A. Appendix. Appellees also mention another occurrence in this case that they say made the judgment void by reason of failure of legal process as to them. This came about by an execution of summons on some of the infant property owners by delivery of the copies of such summons to the superintendent of the orphanage having them in charge, whereas the copies should have been delivered to their mother. See Sec. 52, Ky. Civil Code of Practice. However, it appears that the mother herself was a party defendant to this same suit and that she did receive a copy of the same summons on her own behalf although not on behalf of her children. It also appears that all these infants had the benefit of the services of a guardian ad litem, who duly made his report as such. While the mother should, in the instant case, have been given copies of the summons on behalf of her children under the age of 14, yet this irregularity did not make the judgment void, we think, in view of the fact that the person having actual charge of these infants received such copies and in view of the further fact that their mother really received one copy of the very same summons in the very same suit and in view of the further fact that such infants had a guardian ad litem who filed his report and

in view of the final fact that the presently existing law requires us to treat infants as if they were sui juris on any question involving voidness of judgment.

While we cannot now consider any ordinary errors of prejudicially reversible nature that may have preceded the judgment in controversy and that may hereafter arise by an application under Sec. 745 or Sec. 391, Ky. Civil Code of Practice, yet we must now judicially declare that this judgment was not void. We must necessarily reserve any question as to whether the judgment may be voidable by reason of some prejudicial error of a reversible kind that may have occurred. Should further litigation over this judgment develop under the provisions of Sec. 745 or Sec. 391, Ky. Civil Code of Practice, it may then become our duty to determine whether any error that may be asserted hereafter was prejudicial to the substantial rights of the complaining party or whether Hudson was a bona fide purchaser within the meaning of Sec. 391, Ky. Civil Code of Practice. But we only determine at this time that the attacked judgment was not void because the rendering court had jurisdiction of the suit's subject and parties in a normal way of ordinary legality. All other questions are reserved.

For the reasons recited, the chancellor's judgment is now reversed for further proceedings consistent herewith.