Jesse W. **RENTFROW**, Appellant,

v.

William R. **WILSON**, Appellee.

No. 3734.

District of Columbia Court of Appeals

Argued July 12, 1965.

Decided Sept. 22, 1965.

Ira M. Lowe, Washington, D. C., for appellant.

Lyle L. Robertson, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellee was awarded a default judgment against appellant in the Circuit Court of Loudoun County, Virginia. The judgment being unsatisfied, appellee brought this suit in the District of Columbia Court of General Sessions. There he presented an abstract of the judgment of the circuit court and a certificate of service of process, and on this basis the court awarded him judgment. Appellant alleges that the court erred in granting full faith and credit to the Virginia decree.

Appellant claims that as he was on active duty in the United States Navy at the time of the Virginia action, no valid judgment could have been entered against him. There is no merit to this contention. It is true that the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. Appendix § 520, protects servicemen from the entry of default judgments which they cannot properly defend because of their military duties. The Act further stipulates that if the safeguards contained therein are ignored, a default judgment taken against a serviceman, who was prejudiced

in making his defense, can be set aside upon application to the court which rendered the judgment, provided the application is made within ninety days of his discharge from the service. However, it has been consistently held that judgments entered in violation of the Act are merely voidable and not void, and that a serviceman's failure to have a judgment vacated pursuant to the Act makes it valid and binding.[1] Thus, if there were any irregularities in the Virginia action which violated provisions of the Soldiers' and Sailors' Civil Relief Act, appellant should have moved to have the judgment set aside in the Virginia court. Since he did not do so, the trial court was correct in recognizing the judgment as valid.

However, appellant attacks the jurisdiction of the Virginia court, asserting that there could have been no service of process on him while he was on active duty. This argument is also without merit, as there is no exemption from service of civil process for persons in the military service either under the common law or the Soldiers' and Sailors' Civil Relief Act.[2] The only question is whether appellant was validly served. The record shows that a member of his family was served at his usual place of abode pursuant to Virginia law. Absent a showing that appellant no longer resided at that address, such service was reasonably calculated to give him notice of the pending action and an opportunity to be heard. As no such showing was made, the trial court did not err in granting full faith and credit to the Virginia judgment.

Appellant's remaining assertion that the abstract of judgment does not identify him as the judgment debtor is frivolous.

Affirmed.

1. Allen v. Allen, 30 Cal.2d 433, 182 P.2d 551 (Cal.1947); Morris Plan Bank of Georgia v. Hadsall, 202 Ga. 52, 41 S.E.2d 881 (1947); Powell v. Smith, 201 Ga. 788, 41 S.E.2d 312 (1947); Hudson v. Hightower, 307 Ky. 295, 210 S.W.2d 933 (1948); Thompson v. Lowman, 108 Ohio App. 453, 155 N.E.2d 258 (1958); Mims Bros. v. N. A. James, Tex.Civ.App., 174 S.W.2d 276 (1943).

2. Ellerbe v. Goldberg, D.C.Mun.App., 60 A.2d 232 (1948); Kurilla v. Roth, 132 N.J. 213, 38 A.2d 862 (N.J.1944).