Glen H. **DAVIDSON**

v.

**GENERAL FINANCE CORPORATION.**

**Civ. A. No. 11978.**

United States District Court
N. D. Georgia,
Atlanta Division.
Dec. 26, 1968.

Warren A. Rosser, Atlanta, Ga., for plaintiff.

Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This is a civil action for damages due to the alleged fraudulent conversion of plaintiff's automobile. Plaintiff seeks the jurisdiction of this federal court under the Soldiers' and Sailors' Civil Relief Act, 50 App. U.S.C. §§ 501–548, 560–590.

On November 24, 1964, plaintiff, then a civilian, purchased a 1964 Ford automobile from Harry White Ford, Inc., with approximately one-fourth of the purchase price paid as down payment and the balance to be paid in accordance with a conditional sales contract executed by the parties. The conditional sales contract was subsequently assigned to the defendant, General Finance Corporation, to whom, according to plaintiff, he made payments until June, 1966, when he was inducted into the Army.

Plaintiff states that his monthly salary as an Army private was only slightly above his weekly salary as a civilian and that under those circumstances, his obligation on the contract went into default.

Plaintiff contends that after he was transferred to Korea, the defendant filed a foreclosure action against plaintiff's car in the Clayton County Court, obtained a judgment, and sold the vehicle at a

sheriff's sale.[1] It is admitted that defendant did not comply with the provisions of 50 App. U.S.C. § 520(1), which require a protective affidavit in situations involving servicemen.

Plaintiff argues, in brief, that Georgia Code § 67–701, as applied to him, was an unconstitutional deprivation of due process because he was denied an opportunity to appear at the Clayton County foreclosure hearing. Plaintiff further contends that by virtue of defendant's failure to abide by the requirements of § 520(1), he has suffered $50,000 in damages through loss of the equity in his automobile, damage to his credit rating, denial of the use of an automobile for one year, and mental anguish.

Defendant moves to strike plaintiff's allegations for damage on the ground that there is an exclusive remedy for breach of § 520(1) provided in § 520(4). Under the latter subsection, a judgment rendered in violation of the Soldiers' and Sailors' Civil Relief Act may be opened within 90 days after termination of military service by motion in the court which rendered judgment. Defendant contends that the Act provides no other remedy.

■ In order for this court to have jurisdiction, this case must either present a diversity of citizenship action under 28 U.S.C. § 1332 or a federal question, pursuant to 28 U.S.C. § 1331.

■ There is no allegation of fact in the record to indicate that the diversity of citizenship requirement of § 1332 is satisfied. Thus, jurisdiction in the instant action depends upon whether plaintiff's statement of his cause of action presents a federal question. See Louisville & Nashville R. R. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

■ Under the terms of 28 U.S.C. § 1331, a federal question is a matter in controversy which "arises under the Constitution, laws, or treaties of the United States." Plaintiff's cause of action here does not present such a case, for it is a common law action for damages only incidentally involving a federal statute.

The court has arrived at this decision after considering several factors. First, it is clear that the Soldiers' and Sailors' Civil Relief Act grants jurisdiction to state courts. 50 App. § 511(4) states that:

"The term 'court', as used in this Act [sections 501–548 and 560–590 of this Appendix], shall include any court of competent jurisdiction of the United States or of any State, whether or not a court of record."

The case law makes it clear that state courts are included in the grant of jurisdiction, as the language clearly indicates. Radding v. Ninth Federal Savings and Loan Assn. of New York City, 55 F.Supp. 361 (S.D.N.Y.1944); see also Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943). While the federal courts have jurisdiction under the statute for certain purposes,

"No right or jurisdiction was vested by the Act in federal district courts to vacate or impede an order or judgment of a state court or to interfere with the exercise by a state court of the jurisdiction conferred on it by the Act." Radding, supra, 55 F.Supp. at 370.

■ Foreclosure in the instant action was granted in the Clayton County court. This court cannot hear a collateral attack on the Clayton County judgment in this case. The general rule is that a collateral attack cannot be made on the judgment unless it is utterly null and void on its face. Coffman v. Cobra Mfg. Co., 214 F.2d 489 (9th Cir., 1954), cert. denied 348 U.S. 912, 75 S.Ct. 291, 99 L.Ed. 715 (1955), rehearing denied

1. It appears that plaintiff has made an error in his dates, for he alleges foreclosure followed his transfer, but then states he was transferred to Korea in December, 1967, with foreclosure in March, 1967. In all probability, his transfer date was December, 1966 rather than 1967. We will consider plaintiff's contention on this basis.

348 U.S. 956, 75 S.Ct. 436, 99 L.Ed. 747 (1955); Abraham Land and Mineral Co. v. Marble Savings Bank, 35 F.Supp. 500 (D.C.La., 1940); Bradley v. St. Louis Terminal Warehouse Co., 189 F.2d 818 (8th Cir., 1951); Borne v. La Terre Co., 222 F.2d 453 (5th Cir., 1955). A federal court can review the judgment of a state court—as in effect this court would be doing if it heard plaintiff's damage action—when the state court lacked jurisdiction of the subject matter or entered a judgment it had no power to enter or judgment was obtained without due process. Daniels v. Thomas, 225 F.2d 795 (10th Cir., 1955), cert. denied 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed. 815, rehearing denied 350 U.S. 977, 76 S.Ct. 430, 100 L.Ed. 847 (1956). In the present case plaintiff does allege a violation of due process in the foreclosure proceeding, because he was not permitted to appear in his defense. However, under the Soldiers' and Sailors' Civil Relief Act, which plaintiff invokes, invalid judgments are considered voidable, not void. People v. Vogel, 46 Cal.2d 798, 299 P.2d 850 (1956); Morris Plan Bank of Georgia v. Hadsall, 202 Ga. 52, 41 S.E.2d 881 (1947). It was to cover situations such as the one presented in this case that § 520(4) was written. If this court were to hold that actions in violation of the Act were void in their entirety permitting federal courts to hear collateral attacks on judgments in state courts, § 520(4) would be severely undercut.

A second reason for denying jurisdiction is that this case does not involve the validity, construction, or effect of a federal statute such as to present a federal question. South Side Theatres v. United West Coast Theatres Corp., 178 F.2d 648 (9th Cir., 1949). The gravamen of plaintiff's complaint is injury due to conversion. While the Soldiers' and Sailors' Civil Relief Act may be involved in the disposition of the plaintiff's damage action, this does not make plaintiff's cause of action one which "arises under the Constitution, laws, or treaties of the United States." It has been said on numerous occasions that

"A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it clearly and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1912); see also Shelby County v. Fairway Homes, Inc., 285 F.2d 617 (6th Cir., 1961).

Various tests have been applied to determine if a case "arises under" for purposes of federal question jurisdiction, and none offer much consolation to courts. See Wright, Federal Courts, Ch. 3, § 17. Perhaps the best rule of thumb is to ask, along with Professor Mishkin, if the case at hand presents "a substantial claim founded 'directly' upon federal law." Mishkin, The Federal Question in the District Courts, 53 Col.L.Rev. 157, 165, 168 (1953), quoted in Wright, supra. This action does not present such a case.

Here the Act becomes important only as a defense. It does not give rise to the claim. In point of fact, the Act nowhere allows a damage action. The sole remedy in the Act is the right to open up the judgment within 90 days after termination of service, under 50 App. § 520(4).

The court recognizes that in so stating we are, in a sense, construing the statute to exclude damage actions in federal court. It could then be said that the court has thusly conceded jurisdiction. This is not the case, however. If damages would lie, it would have to be independent of the statute, not by virtue of it. Moreover, the court, in determining that jurisdiction will not lie, is merely exercising jurisdiction to determine jurisdiction. See Wright, Federal

Courts, Ch. 2, § 16. This is *not* a case where the complaint states a case arising under federal law, even though on the merits the party may have no federal right. Wright, supra, Ch. 3, § 19. In any case, even if the court has assumed jurisdiction, plaintiff cannot recover damages because the remedy provided in § 520(4) is exclusive. It is hornbook law that the court should not develop its own remedies after Congress has specifically written its own into a statute. Congress would have granted a damage action in the Act if it had meant for plaintiffs to be able to recover them.

 The plaintiff cannot ask this court to decide matters of common law damages between the parties when there is no diversity of citizenship or federal question. The Soldiers' and Sailors' Civil Relief Act "confers no jurisdiction in a court to determine rights between parties, which jurisdiction the court would not have possessed, absent this Act." Kindy v. Koenke, 216 F.2d 907 (8th Cir., 1954). This court could certainly not hear plaintiff's damage action absent this statute, and the statute itself nowhere grants jurisdiction to the federal court to hear a damage action based on an alleged invalid judgment in a state court.

Nothing in our decision precludes plaintiff's use of § 520(4) to open his judgment in the Clayton County Court. There have been several interpretations of the running of the 90-day provision mentioned therein. E. g., compare Powell v. Smith, 201 Ga. 788, 41 S.E.2d 312 (1947); Morris Plan Bank of Georgia, supra, with Kramer v. Ginger, 341 Ill.App. 368, 93 N.E.2d 437, appeal transferred to 405 Ill. 17, 90 N.E.2d 75. Plaintiff may fit within one of these interpretations, at least if the period of the pendency of this suit is not counted in the 90-day figure. Moreover, nothing in this opinion precludes plaintiff from suing in this court if a federal question or diversity of citizenship can be shown.

On the present facts, this court finds no federal question jurisdiction because the federal statute is not part of plaintiff's damage action. The action is dismissed.