THE CHASE MANHATTAN BANK, N.A., demandante y recurrido,
*v.* PRIDO J. POLANCO MARTÍNEZ, demandado y peticionario.

*Número:* CE-89-604 *Resuelto:* 9 de septiembre de 1992

*Luis A. Arrufat Pimentel*, abogado del recurrido; *Alexis Rivera Cordero*, abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El demandado peticionario, Dr. Prido J. Polanco, quien es médico cirujano desde el 1974, ingresó al Ejército de los Estados Unidos en el 1980.([1]) Al ingresar al Ejército, le arrendó una residencia de su propiedad —la que es objeto del pleito([2])— a un vecino por un canon mensual igual al importe de la hipoteca,([3]) delegando en éste el pago de la misma. Posteriormente, el demandado volvió a arrendar la propiedad al hermano de otro vecino, a quien igualmente le delegó la responsabilidad de pagar la hipoteca. El demandado, en ningún momento, le informó al acreedor hipoteca-

---

([1]) Todo el tiempo que estuvo el peticionario en el Ejército de los Estados Unidos fue en servicio activo. Primero estuvo ubicado en un hospital en Arizona y luego en Alabama desempeñándose como Jefe de Cirugía.

([2]) La propiedad es una residencia sita en la Calle Amapola Núm. 757N de la Urb. Round Hill en Trujillo Alto.

([3]) A cambio de esto, el arrendatario debía darle mantenimiento a la propiedad y pagarle directamente al banco las mensualidades de la hipoteca.

rio sobre su ingreso al Ejército, ni sobre su condición de militar en el ejército activo.

Luego de su ingreso a las fuerzas armadas, el demandado *no* satisfizo pago alguno por concepto de las mensualidades del préstamo hipotecario. Tampoco verificó que los pagos de la hipoteca se estuvieran realizando, conforme acordó con los distintos arrendatarios que tuvo la propiedad. Los mismos nunca se hicieron.

El 14 de enero de 1986, el acreedor hipotecario, el Chase Manhattan Bank, N.A., presentó una demanda en cobro de dinero y ejecución de hipoteca contra el demandado, Dr. Prido J. Polanco, ante el Tribunal Superior de Puerto Rico, Sala de Carolina.

En vista de que el emplazamiento no pudo diligenciarse, al no poder localizarse al demandado, el banco demandante logró autorización del tribunal para emplazarlo mediante edictos, conforme dispone la Regla 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Ante la incomparecencia del demandado, a solicitud del demandante, se le anotó la rebeldía al primero el 29 de julio de 1986. Posteriormente, el 6 de agosto de 1986, se dictó sentencia en rebeldía, declarándose con lugar la demanda, la cual ordenó la venta de la propiedad hipotecada en pública subasta. La subasta se efectuó el 9 de febrero de 1987.

El 21 de agosto de 1987, el demandado presentó una moción de relevo de sentencia. Alegó que por estar en servicio activo del Ejército de los Estados Unidos no tuvo conocimiento ni pudo comparecer al pleito de epígrafe. Le imputó a la parte demandante conocimiento de estas circunstancias y de no haber cumplido con los requisitos del *Soldiers' and Sailors' Civil Relief Act of 1940*, 54 Stat. 1178, 50 U.S.C. sec. 520, según enmendada. Se alegó, además, bajo la referida Ley, nulidad de la sentencia que adjudicó la venta en pública subasta del inmueble. Al amparo de ello, se solicitó el relevo de la sentencia.

Luego de varios incidentes procesales, incluyendo la celebración de una vista para dilucidar la moción del demandado, el tribunal de instancia declaró sin lugar el relevo solicitado.

Inconforme, acudió ante este Tribunal el demandado doctor Polanco Martínez. En su petición de *certiorari*, le imputó al tribunal de instancia haber errado al:

1. [Dictar sentencia] sin jurisdicción por no haberse cumplido con 50 U.S.C. [App.] 520, Soldier's and Sailor's Civil Relief Act. La falta de notificación adecuada anula la sentencia dictada en [r]ebeldía ....

2. [No determinar] que el peticionario fue perjudicado por su servicio militar, a pesar de que reconoce en su resolución que ... "estaba en servicio activo prestando toda su atención a [los] servicios de médico cirujano [que brinda] en hospitales militares ....

3. [Permitir] que se violen los derechos constitucionales del peticionario. *Certiorari*, pág. 3.

Expedimos el recurso solicitado. *Resolvemos*.

## I

De entrada, nos expresamos brevemente sobre los requisitos, exigidos por nuestro ordenamiento jurídico, del emplazamiento por edictos y sobre la corrección, desde un punto de vista estrictamente técnico, de los procedimientos seguidos en el presente caso que culminaron en el emplazamiento por edictos del demandado peticionario.

■ La Regla 4.5 de Procedimiento Civil de 1979, ante, permite el emplazamiento de una persona por medio de edictos cuando la misma "estuviere fuera de Puerto Rico, o estando en Puerto Rico, no pudiere ser localizada después de realizadas las diligencias pertinentes, o se ocultare para no ser emplazada ... y así se comprobare a satisfacción del tribunal mediante declaración jurada, con expresión de dichas diligencias, y [si] existe una reclamación que

justifiqu[e] la concesión de algún remedio contra la persona que ha de ser emplazada ....”

■ En materia del emplazamiento se requiere, como norma general, un cumplimiento estricto con los requisitos exigidos ya que el objetivo del emplazamiento es “que se notifique al demandado que se instó una acción judicial en su contra, *de manera que se le dé una oportunidad de ser oído y defenderse*”. (Énfasis suplido.) *Rodríguez v. Nasrallah*, 118 D.P.R. 93, 98 (1986).

■ Sobre la validez del emplazamiento por edictos, el Profesor Cuevas Segarra nos señala que “[n]o es necesario ... que el demandado lea o de otro modo advenga al conocimiento real del edicto. Bastará con que se cumplan todos los requisitos para que se haya ajustado el emplazamiento al debido procedimiento de ley que exige la Constitución. Aunque resulte ser una ficción, el procedimiento no podría operar de otro modo”. J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña : Procedimiento Civil*, San Juan, Pubs. J.T.S., 1983, pág. 42.

En el presente caso, no está en controversia el hecho de que los procedimientos seguidos ante el Tribunal Superior para emplazar por edictos al demandado cumplen, prima facie, con los requisitos exigidos por las citadas Reglas. Esto es, el foro de instancia, prima facie, “adquirió jurisdicción” sobre el demandado.

Ahora bien, se alega que no obstante lo antes expresado, la sentencia en rebeldía dictada por el tribunal de instancia es nula por no haber cumplido dicho foro judicial con lo establecido en el *Soldiers’ and Sailors’ Civil Relief Act of 1940*.

## II

■ El *Soldiers’ and Sailors’ Civil Relief Act of 1940*, o Ley sobre Rehabilitación Civil de Soldados y Marinos de

1940,([4]) es un estatuto federal *de índole procesal* que permite la suspensión o paralización de ciertos procedimientos o pleitos civiles seguidos contra personas que se encuentran en el servicio militar de los Estados Unidos. 50 U.S.C. sec. 510. El propósito de esta legislación, la cual fue aprobada allá para el 17 de octubre de 1940,([5]) fue permitirle a los Estados Unidos de Norteamérica fortalecer y agilizar sus planes de defensa nacional. Al proveer para la suspensión y/o paralización de los procedimientos judiciales o pleitos que afectasen los intereses de las personas en el servicio militar, estas podrían dedicarle todas sus energías a las necesidades de defensa de dicha Nación.([6])

■ Específicamente, la Sec. 200 de la referida Ley, 50 U.S.C. sec. 520, establece unas medidas que deben ser observadas cuando la persona en servicio militar activo no pueda comparecer a un pleito o procedimiento seguido en su contra. El estatuto dispone las siguientes medidas:

---

([4]) Según traducida en *Casanova v. Sánchez*, 79 D.P.R. 176, 183 (1956).

([5]) Esta Ley no es la primera expresión del Congreso de los Estados Unidos de su interés y objetivo de proteger los soldados que participan en conflictos bélicos. El 11 de junio de 1864 se aprobó una ley para suspender cualquier acción civil o criminal llevada contra los soldados y marinos mientras éstos estuviesen en servicio activo. Se le proveía inmunidad contra el emplazamiento y el arresto. Otras leyes que siguieron ésta se describen en G.M. Huckabee, *Operation Desert Shield and Desert Storm: Resurrection of the Soldier's and Sailor's Civil Relief Act*, 132 Mil. L. Rev. 141 (1991). Allí también se explica la vigencia de esta ley ante el reciente conflicto en el Golfo Pérsico que conllevó la movilización masiva de tropas del ejército y la marina. Véase, también, Vento y Kornspan, *Protection under the Soldier's and Sailor's Civil Relief Act for United States Military and Activated Reservists*, 65 Fla. B. J. 32 (1991).

([6]) La citada Ley señala el siguiente propósito:
"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act [sections 501 to 591 of this Appendix] remains in force." 50 U.S.C. sec. 510.

(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgement be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act [sections 501 to 591 of this Appendix]. Whenever, under the laws applicable with respect to any court, facts may be evidenced, established, or proved by an unsworn statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury, the filing of such an unsworn statement, declaration, verification, or certificate shall satisfy the requirement of this subsection that facts be established by affidavit.

(2) Any person who shall make or use an affidavit required under this section, or a statement, declaration, verification, or certificate certified or declared to be true under penalty of perjury permitted under subsection (1), knowing it to be false, shall be guilty of a misdemeanor and shall be punishable by imprisonment not to exceed one year or by fine not to exceed $1,000, or both.

(3) In any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him; and in such case a like bond may be required and an order made to protect the rights of such person. But no attorney appointed under this Act

[sections 501 to 591 of this Appendix], to protect a person in military service shall have power to waive any right of the person for whom he is appointed or bind him by his acts.([7]) 50 U.S.C. sec. 520.

■ La referida sección de la Ley, en su inciso (4), *provee remedio a la persona contra quien se haya dictado sentencia y que ha sufrido perjuicio por razón de encontrarse en el servicio militar.* La misma establece que:

(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person *was prejudiced* by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; *provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof.* Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act [said sections], shall not impair any right or title acquired by any bona fide purchaser for value under such judgment. (Énfasis suplido.) 50 U.S.C. sec. 520(4).

■ La presente constituye la primera ocasión en que el

---

([7]) 50 U.S.C. sec. 520. Resumimos e interpretamos que esta Ley dispone que: (1) en cualquier acción o procedimiento donde haya incomparecencia del demandado, antes de que se dicte sentencia, el demandante deberá presentar una declaración jurada indicando que el demandado no se encuentra en el servicio militar. De no poder presentar esta declaración jurada, el demandante presentará otra señalando que el demandado se encuentra en el servicio militar o que no le es posible determinar si el demandado está o no en servicio activo. De no presentarse la declaración jurada que indique que el demandado no está en el servicio militar, a menos que el tribunal así lo ordene, no se registrará la sentencia. De encontrarse el demandado en servicio militar, el tribunal no podrá ordenar el registro de la sentencia hasta que se asigne un abogado que represente al demandado y proteja su interés. A menos que pareciese que el demandando no está en el servicio militar, el tribunal puede requerir, como condición previo a dictar sentencia, que el demandante preste una fianza para indemnizar cualquier pérdida o daños que sufra el demandando, si se encontraba en el servicio militar y si la sentencia es dejada sin efecto, total o parcialmente. (2) Se tipifica como delito menos grave el someter la declaración jurada del inciso (1), a sabiendas de que su contenido sea falso. (3) En cualquier acción o procedimiento en el cual una persona en el servicio militar sea parte, si no comparece personalmente al mismo o no está representada por un abogado autorizado, el tribunal podrá asig-

Tribunal tiene la oportunidad de expresarse sobre la disposición de la citada Ley relativa a *la reapertura* de un pleito en que ya se ha dictado sentencia contra el demandado. En el pasado habíamos tenido oportunidad de hacerlo en relación con otro de los remedios que provee esta ley a los soldados activos.[8] En *Canet v. Corte*, 61 D.P.R. 150, 155 (1942), se trataba sobre una solicitud, por parte de un miembro de las fuerzas armadas, de paralización de un pleito (*stay*) sobre ejecución de hipoteca y levantamiento de un embargo. Allí expresamos que esta Ley no tiene el efecto o no pretende disponer la *paralización automática* de cualquier procedimiento en que esté envuelto un militar por la *mera* demostración de que está en servicio militar y que éste viene en la obligación de alegar, *y probar*, que su capacidad para satisfacer la obligación que se le reclama, o para preparar adecuadamente una legítima defensa, ha sido afectada por el servicio militar.[9]

### III

Los tribunales reiteradamente han resuelto que una sentencia dictada contra una persona en el servicio activo, en cuyo procedimiento no se cumplió con las disposiciones de esta Ley, *no* es nula *sino* meramente anulable. Véanse: *Ostrowski v. Pethick*, 590 A.2d 1290 (1991); *Hart, Nininger and Campbell v. Rogers*, 548 A.2d 758 (1988);

---

nar un abogado que le represente. En tal caso podría requerirse una fianza y una orden para proteger los derechos de la persona.

(8) La Sec. 30 de esta ley, 50 U.S.C. sec. 532, tiene otras disposiciones para situaciones donde estén envueltas obligaciones garantizadas, mediante hipoteca, entre otras. En su inciso (2) le concede discreción al tribunal para suspender (*stay*) los procedimientos, motu proprio o a solicitud de parte, a menos que en opinión del tribunal, la habilidad del demandado, de cumplir con los términos de su obligación no se afectó sustancialmente por razón de su servicio militar. Por otro lado, la Sec. 303 de la ley (50 U.S.C. sec. 533) dispone otra medida (nombramiento de tres (3) personas sin interés para avaluar la propiedad y emitir una recomendación al tribunal para compensarle a la persona en el servicio militar).

(9) Véase, también, *Casanova v. Sánchez*, supra, pág. 183, donde se concluyó que el demandado no tenía derecho a la paralización de los procedimientos.

*Hernández v. King*, 411 So. 2d 758 (1982); *Krumme v. Krumme*, 636 P.2d 814 (Kan. 1981); *Mapston v. Jacobs*, 545 P.2d 1064 (Colo. 1975); *Davidson v. General Finance Corporation*, 295 F. Supp. 878 (N.D. Ga. 1968); *Rentfrow v. Wilson*, 213 A.2d 295 (1965); *Thompson v. Lowman*, 155 N.E.2d 258 (1958); *Gibbons v. Belt*, 33 N.W.2d 374 (1948); *Morris Plan Bank of Georgia v. Hadsall*, 41 S.E.2d 881 (1947); *Lyle v. Haskins*, 168 P.2d 797 (Wash. 1946); *Snapp. v. Scott*, 167 P.2d 870, (Okla. 1946); *Hynds v. City of Ada ex rel. Mitchell*, 158 A.2d 906 (1945), entre otros.

En consecuencia —y no obstante ser un hecho irrefutable que en el presente caso no se cumplió con los requisitos generales, de índole procesal, que exige la referida Ley que se tomen tanto por el demandante como por el tribunal(10)— estamos obligados a determinar si el demandado peticionario cumplió con los requisitos que exige la referida Ley para que se deje sin efecto, o se anule, una sentencia ya dictada.

## IV

La Sec. 200(4) de la Ley, *supra*, establece los requisitos que deben concurrir para que se pueda reclamar el remedio que permite dejar sin efecto o anular una sentencia. Dichos requisitos son:

(1) La sentencia debe haber sido dictada durante el período en que la persona se encontraba en el servicio militar (o dentro de los treinta días de haber finalizado éste).
(2) La sentencia debe ser una adversa al demandado o éste debe haber sufrido un perjuicio por razón de la prestación de su servicio militar.
(3) La solicitud o petición (de intervención o relevo) debe ser

---

(10) En el caso de epígrafe, no se presentó la declaración jurada señalando que el demandado se encontraba en el servicio militar o que se desconocía si estaba en dicho servicio. Tampoco se nombró un abogado que representara al demandado y la sentencia fue dictada en ausencia del mismo, siendo éste emplazado mediante edictos.

presentada dentro de los noventa (90) días de haber finalizado el servicio militar el demandado.

(4) *El demandado debe tener o poder levantar una defensa legal o meritoria (meritorious or legal defense).*

 No hay duda que se cumplen en el presente caso con los primeros tres (3) requisitos. La sentencia objetada fue emitida estando el demandado peticionario en el servicio militar activo ([11]) y la misma le fue adversa a éste. No existe, tampoco, controversia respecto a la radicación oportuna de la solicitud de relevo.([12])

 Somos del criterio que el cuarto requisito —esto es, que el demandado que solicita remedio bajo la Ley en controversia debe demostrar que cuenta con una "defensa legal o meritoria" en el caso— *no* está presente en el caso ante nuestra consideración. Los tribunales reiteradamente han exigido que el demandado que solicita, bajo la Ley aquí en controversia, relevo de una sentencia, haga una demostración (*showing*) de que cuenta con una defensa meritoria, ya sea enumerando la prueba con que cuenta, ya alegando hechos específicos al respecto. Refiérase, por ejemplo, a: *Smith v. Davis*, 364 S.E.2d 156 (1988); *Urbana College v. Conway*, 502 N.E.2d 675 (1985); *La Mar v. La Mar*, 505

---

([11]) La sección 101 de la referida Ley, 50 U.S.C. sec. 511(1) define a la persona en el servicio militar como: "[a]ll members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy ...". Allí mismo se especifica que el término "servicio militar" significa "Federal service on active duty with any branch of service heretofore referred to or mentioned as well as training or education under the supervision of the United States preliminary to induction into the military service".

([12]) En el caso ante nos, había transcurrido el término para solicitar el relevo de la sentencia bajo la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Esta Ley tiene el efecto de prorrogar por un término adicional de noventa (90) días el término concedido por nuestro ordenamiento procesal para solicitar el relevo de una sentencia. La Sec. 205 de la ley (50 U.S.C. sec. 525) claramente dispone que "[t]he period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court ... or ... for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment". *Por ello, la moción de relevo fue correctamente acogida para su consideración.*

P.2d 566 (Ariz. 1973), y *Flagg v. Sun Investment & Loan Corporation*, 373 P.2d 226 (Okla. 1962), entre otras.

## V

El demandado en su comparecencia levantó, como único fundamento en apoyo de su contención de que la sentencia es nula, el mero incumplimiento con la referida Ley. Como "defensa meritoria" que justifique el ser relevado de los efectos de la sentencia, nuevamente alude a que se encontraba fuera de la jurisdicción en servicio militar activo, destacado en Arizona y luego en Alabama y que el procedimiento de ejecución de hipoteca no fue paralizado.

Durante la vista ante el foro de instancia, el peticionario alegó que por motivo de su servicio militar no le fue posible supervisar adecuadamente sus intereses, además de que nunca recibió copia de la demanda. El tribunal, luego de ponderar la prueba que tuvo ante sí, consideró que el demandado *no* adujo una defensa legal meritoria que justificase la concesión del relevo. Ante nos, el peticionario nuevamente levanta, como su "defensa legal meritoria", el incumplimiento con las "medidas protectoras" durante los procedimientos seguidos en instancia; esto es, no especifica la defensa legal meritoria, o demostrativa de justa causa, por la cual deba ser relevado de la sentencia dictada en su contra. Por ello y considerando que el tribunal de instancia dio fiel cumplimiento al emplazamiento por edictos, el planteamiento constitucional nos parece inmeritorio.(¹³)

█ El peticionario omite hacer referencia a los hechos que fueron objeto de determinación por el tribunal de instancia. Estos hechos, en sí mismos, son demostrativos de una conducta de dejadez o negligencia por parte del

---

(¹³) Resulta pertinente reiterar que "[e]l debido proceso no es abstracción apocalíptica que de sólo invocarla infunda temor de Dios al tribunal y paralice al adversario". *Domínguez Talavera v. Tribunal Superior*, 102 D.P.R. 423, 428 (1974).

demandado, quien no fue diligente ni actuó como una persona prudente y razonable en el manejo de sus asuntos. Al ingresar al servicio activo, no dejó o informó su cambio de dirección al banco, su acreedor hipotecario, ni a sus arrendatarios. Tampoco le informó al banco sobre su condición de militar activo ni que delegó en los arrendatarios los pagos de la obligación hipotecaria. Optó por mantenerse desinformado en torno a este asunto. A pesar de haber delegado la responsabiidad del pago, el peticionario —profesional de la salud— debía saber que frente al acreedor hipotecario, continuaba siendo el deudor, responsable del cumplimiento de la obligación. Art. 7 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5177.

Por otro lado, los ingresos que el propio peticionario informa haber recibido durante su servicio militar, nos permiten concluir que disponía de recursos económicos para cumplir con la obligación de referencia. No estamos ante una situación donde el servicio militar le representara una merma sustancial en sus ingresos.[14] Tampoco estamos ante una situación donde por irregularidad o fraude en los trámites seguidos ante el Tribunal Superior se justifique nuestra intervención.

Por los fundamentos antes señalados, *concluimos que no erró el tribunal de instancia al no conceder el relevo de sentencia solicitado. Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin opinión escrita.

---

[14] De la resolución objeto de revisión surge que "[a]ntes de ingresar al ejército el demandado devengaba un sueldo como médico en la vida civil de alrededor de $3,000.00 mensuales. Al ingresar en el ejército ... obtuvo un rango mayor y comienza a devengar un sueldo ... entre $36,000.00 y $40,000.00 anuales y otros beneficios adicionales". Apéndice VI al alegato del peticionario, págs. 23–24.