Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ROBERTO QUIÑONES RIVERA<br><br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>ANA ESCOBAR PABÓN Y OTROS<br><br>Recurrido | KLCE202301334 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2023CV01722<br><br>Sobre: Daños |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

I.

El 30 de marzo de 2023, Roberto Quiñones Rivera, quien se encuentra confinado, presentó *Demanda* sobre daños y perjuicios, violación de derechos, difamación, libelo y calumnia contra el Departamento de Corrección y Rehabilitación (DCR), la Sra. Ana Escobar Pabón, el Sr. Edwin González Ramos, el Sr. Carlos Betancourt, la Sra. Brenda Encarnación, la Sra. Ingrid Morales Colón, la Sra. Liza M. Claudio Vázquez, la Sra. Maribel García Charriez, el Sr. Marcos Pérez Curet y el Sr. Fernando Rosario Vega. El 3 de abril de 2023, el Foro primario ordenó la expedición de los emplazamientos para que fueran diligenciados por el demandante. A esos efectos, el 4 de abril de 2023, la Secretaría expidió los correspondientes emplazamientos.

No obstante, el 15 de mayo de 2023, Quiñones Rivera presentó *Moción Informativa y en Solicitud de Auxilio y de Remedio*. Sostuvo que al estar confinado se le imposibilitaba diligenciar los emplazamientos. Ante ello, el 16 de mayo de 2023, el Foro primario

Número Identificador

SEN20204_____

lo autorizó a litigar como indigente y ordenó nuevamente la expedición de los emplazamientos, **esta vez para ser diligenciados por la Unidad de Alguaciles.** En cumplimiento con lo ordenado, la Secretaría expidió nuevos emplazamientos el 17 de mayo de 2023.

A pesar de que el alguacil diligenció los emplazamientos dirigidos a Escobar Pabón, González Ramos, Betancourt, Pérez Curet y Encarnación, no pudo diligenciar personalmente los emplazamientos dirigidos a las codemandadas Morales Colón, Claudio Vázquez y García Charriez, **ya que el Superintendente del Complejo Correccional indicó no conocerlas.**

Respecto al DCR, el 24 de agosto de 2023, Quiñones Rivera solicitó desistir de su *Demanda* con el fin de continuar el caso únicamente contra los funcionarios en su carácter personal. A raíz de dicha solicitud, al día siguiente, el Tribunal de Primera Instancia emitió *Sentencia Parcial,* notificada el 28 de agosto de 2023, ordenando el archivo sin perjuicio de la *Demanda* contra el DCR.

Continuado el pleito contra los demás codemandados, el 1 de septiembre de 2023, el Departamento de Justicia solicitó con éxito, prórroga para presentar su alegación responsiva, en representación de los funcionarios demandados en su carácter personal. Posteriormente, el 19 de octubre de 2023, Quiñones Rivera presentó *Moción Informativa y en Solicitud de Remedio.* Sostuvo que, **habiendo estado debidamente emplazados los codemandados procedía que respondieran a las alegaciones de la *Demanda.***

Esta última solicitud provocó que el Foro primario dictara otra *Sentencia Parcial,* notificada el 20 de octubre de 2023, con relación a los demandados no emplazados. Así, desestimó sin perjuicio la *Demanda* contra las señoras Morales Colón, Claudio Vázquez y García Charriez por no haber sido emplazadas dentro del término de ciento veinte (120) días a partir de la expedición, que dispone la

Regla 4.3 de las Reglas de Procedimiento Civil y ordenó el archivo sin perjuicio de la *Demanda*.

Insatisfecho, el 27 de noviembre de 2023, Quiñones Rivera acudió ante nos mediante *Certiorari*.[1] Sostiene:

**COMETIÓ UN GRAVE ERROR DE DERECHO EL HONORABLE TRIBUNAL AL DESESTIMAR LA PRESENTE DEMANDA A FAVOR DE INGRID MORALES, LIZA CLAUDIO Y MARIBEL GARCÍA, ENTIÉNDASE QUE EL DEMANDANTE PROVEYÓ AL TRIBUNAL LA DIRECCIÓN CORRESPONDIENTE EN LA DEMANDA PARA QUE FUESEN EMPLAZADOS LOS DEMANDADOS Y FUE LA OFICINA DE ALGUACILES QUE OMITIÓ DILIGENCIAR LOS EMPLAZAMIENTOS EN DICHA DIRECCIÓN Y LE ENTREGÓ LOS MISMOS A UNO DE LOS CODEMANDADOS QUIEN ESTÁ AUTORIZADO POR LEY PARA RECIBIRLOS, Y ESTE ALEGÓ NO CONOCERLOS. EN LA ALTERNATIVA, EL RESTO DE LOS DEMANDADOS PUDIERON SER NOTIFICADOS DE LA DEMANDA A LA MISMA DIRECCIÓN QUE FUERON NOTIFICADOS EL DCR Y LA SECRETARIA DE CORRECCIÓN SRA. ANA ESCOBAR PABÓN**.

El 11 de diciembre de 2023, emitimos *Resolución* concediéndole término de veinte (20) días al DCR y otros para que expresaran su posición. A esos efectos, el 20 de diciembre de 2023, la Oficina del Procurador General presentó *Comparecencia Especial*. Entre otras cosas, nos informa sobre la *Sentencia* desestimando sin perjuicio la totalidad de la presente causa de acción. Además, expone que el DCR dejó de ser parte del caso y que su comparecencia se limita a aclarar el estado procesal del caso. Finalmente, solicita que relevemos al Estado de comparecer en el presente caso en representación del DCR y de los siguientes funcionarios, Escobar Pabón, González Ramos, Betancourt, Pérez Curet y Encarnación por no ser las partes recurridas.

---

[1] Aún el caso pendiente ante nuestra consideración, el **29 de noviembre de 2023**, notificada el **1 de diciembre de 2023**, el Tribunal de Primera Instancia emitió *Sentencia* de desestimación al amparo de la Regla 39.2 (a) de Procedimiento Civil y ordenó el archivo sin perjuicio.[1] Basó su dictamen desestimatorio en la falta de interés en la tramitación del caso ante el incumplimiento del demandante. Específicamente, en su inacción en cumplir con la orden de obtener representación legal, luego de que transcurriera el término concedido para ello, o al menos, sin que hubiera acreditado las gestiones realizadas a esos fines.

II.

A.

El emplazamiento es el mecanismo procesal por el cual se le notifica a la parte demandada sobre la existencia de una reclamación instada en su contra.[2] Mediante esta notificación el tribunal adquiere jurisdicción sobre la persona demandada quedando así éste obligado por el dictamen que en su día recaiga.[3] Se ha resuelto que existe una política pública que exige que la parte demandada sea emplazada y notificada debidamente en aras de evitar el fraude y garantizar un debido procedimiento de ley.[4]

En términos procedimentales, la Regla 4.1 de Procedimiento Civil,[5] exige a la parte demandante presentar el formulario de emplazamiento conjuntamente a la demanda para que el Secretario lo expida de forma inmediata. Se trata de un trámite ministerial, automático, subsiguiente a la presentación de la demanda, como evento inmediato que inicia la acción civil.[6] Nuestro más alto Foro ha establecido que el adecuado diligenciamiento del emplazamiento constituye un imperativo constitucional del debido proceso de ley, por lo que se exige un cumplimiento estricto cuando de obedecer sus requisitos se trata.[7]

Por otro lado, los incisos (f) y (g) de la Regla 4.4 de Procedimiento Civil[8] disponen lo siguiente:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el

---

[2] *Rivera Marrero* v. *Santiago Martínez*, 203 DPR 462 (2019). Véase, además, *Rivera* v. *Jaume*, 157 DPR 562, 575 (2002).

[3] *Rivera*, 203 DPR, pág. 481; *Bernier González* v. *Rodríguez Becerra*, 200 DPR 637 (2018); *Márquez* v. *Barreto*, 143 DPR 137, 142 (1997).

[4] *Rivera*, 203 DPR, pág. 481; Véase, además, *Informe de Reglas de Procedimiento Civil* de diciembre de 2009. Énfasis nuestro.

[5] 32 LPRA Ap. V, R. 4.1.

[6] *Monell* v. *Mun. de Carolina*, 146 DPR 20, 24 (1998).

[7] *Chase Manhattan Bank* v. *Polanco Martínez*, 131 DPR 530, 535 (1992); *Rodríguez* v. *Nasrallah*, 118 DPR 93, 98 (1986).

[8] Íd.

nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:

[…]

(f) Al Estado Libre Asociado de Puerto Rico, entregando copia del emplazamiento y de la demanda al Secretario o Secretaria de Justicia o a la persona que designe.

(g) A un(a) funcionario(a) o a una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, entregando copia del emplazamiento y de la demanda a dicho(a) funcionario(a) o al (a la) jefe(a) ejecutivo(a) de dicha instrumentalidad. Además, será requisito indispensable que en todos los pleitos que se insten contra un(a) funcionario(a) o una instrumentalidad del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, la parte demandante entregue copia del emplazamiento y de la demanda al Secretario o Secretaria de Justicia o a la persona que este designe. Si la instrumentalidad es una corporación pública, entregando las copias según lo dispuesto en la Regla 4.4 (e).

[…].[9]

En lo pertinente a la controversia ante nos, en *Sánchez Rodríguez* v. *Adm. de Corrección*[10], un confinado presentó una demanda en daños y perjuicios contra la Administración de Corrección. Junto con su demanda, solicitó que los emplazamientos fueran expedidos y diligenciados. Pasado un tiempo y tras el confinado cuestionar la inactividad del pleito, el Tribunal de Primera Instancia ordenó al Alguacil General de Ponce a diligenciar los emplazamientos. Ordenó que se investigara y evidenciara que fueron diligenciados. A pesar del demandante haber presentado evidencia que controvirtió su alegada inacción y señalar que por estar confinado su responsabilidad se limitaba a presentar la demanda y a solicitar la expedición de los emplazamientos, el Tribunal de Primera Instancia desestimó la causa de acción, con perjuicio, por la alegada falta de diligencia del demandante.

---

[9] Énfasis suplido.
[10] 177 DPR 714 (2009).

Confirmado el dictamen con posterioridad por el Tribunal de Apelaciones, el Tribunal Supremo de Puerto Rico revocó y resolvió que **no era correcto atribuirle al demandante la inactividad en el trámite del pleito y que los hechos particulares del caso no justificaban la drástica sanción de la desestimación con perjuicio.** Tomó dicha decisión basado en que: 1) el caso revestía un alto interés público, pues trataba de un confinado alegando violación de derechos constitucionales, 2) el demandante no contaba con abogados que pretendieran alargar el proceso como parte de una estrategia forense, 3) el demandante era un confinado que exigió información sobre el estado de los emplazamientos, 4) resultaba difícil entender que existió inactividad por parte del demandante cuando estaba confinado y el control del proceso lo tenía el tribunal y 5) el diligenciamiento del emplazamiento, correspondía al alguacil del tribunal.

Sobre el mismo tema, en *Cirino González* v. *Administración de Corrección*[11], el Tribunal Supremo citó con aprobación sus expresiones en *Sánchez Rodríguez* v. *Adm. de Corrección*[12], al considerar que las Reglas 4.3 (b) y 39.2 (b) de Procedimiento Civil[13], deben ser atemperadas a la política pública que favorece que los casos se ventilen en sus méritos.

III.

En el presente caso, Quiñones Rivera sostiene que el Foro primario no debió desestimar su *Demanda* instada contra Ingrid Morales, Liza Claudio y Maribel García por falta de emplazamiento. Tienen razón. Veamos por qué.

No hay discusión en cuanto a que Quiñones Rivera cumplió con proveer al Tribunal la dirección de los codemandados para que

---

[11] 190 DPR 14 (2014).
[12] *Sanchez,* 177 DPR 714 (2009)
[13] 32 LPRA Ap. V, R. 39.2.

estos fuesen emplazados. Tampoco es parte del debate, que estando confinado bajo la custodia del DCR, Quiñones Rivera presentó su *Demanda* por derecho propio el 30 de marzo de 2023 y oportunamente, presentó moción indicando que al estar confinado no le era posible diligenciar los correspondientes emplazamientos. Ante ello, el Foro primario ordenó que el diligenciamiento de los emplazamientos se volviera a realizar, pero esta vez por la Unidad de Alguaciles. En cumplimiento, Secretaría expidió los nuevos emplazamientos el 17 de mayo de 2023.

Otro hecho importante fuera de discusión es que, la Unidad de Alguaciles entregó los emplazamientos al Superintendente de la Institución Correccional de Bayamón y dicho funcionario, alegó no conocer a los compañeros funcionarios correccionales demandados Morales Colón, Claudio Vázquez y García Charriez. Aún dándole entera credibilidad, de todos modos, este tenía el deber de remitirlos a las oficinas centrales del DCR para que desde allí se diligenciaran los emplazamientos al resto de los demandados. No lo hizo.

Somos conscientes de las últimas expresiones emitidas por el Tribunal Supremo en *Pérez Quiles* v. *Santiago Cintrón,*[14] respecto a la forma de diligenciar los emplazamientos y las consecuencias de no hacerlo. Sin embargo, siendo consecuentes con lo resuelto en *Sánchez Rodríguez* v. *Adm. de Corrección*[15], resultaría incorrecto atribuir a Quiñones Rivera la falta del diligenciamiento de los emplazamientos a Morales Colón, Claudio Vázquez y García Charriez. Quiñones Rivera oportunamente procuró la expedición de

---

[14] Reiteró que el término de ciento veinte (120) días para diligenciar un emplazamiento comenzará a transcurrir, sin ninguna otra condición o requisito, una vez la secretaría del Tribunal expida el emplazamiento. A tales efectos, expedido el emplazamiento, la parte que solicita el mismo cuenta con un término de ciento veinte (120) días para poder diligenciarlo. Este término es improrrogable y, consecuentemente, si en ciento veinte (120) días el demandante no ha podido diligenciar el emplazamiento, su causa de acción se desestimará automáticamente.
[15] *Cirino,* 190 DPR 14 (2014).

éstos, así como su diligenciamiento, demostrando su interés y diligencia en la tramitación de su caso.

IV.

Por los fundamentos antes expuesto, *expedimos* el Auto de *Certiorari* y *revocamos* la *Sentencia Parcial* recurrida. Ordenamos la continuación de los procedimientos en el Tribunal de Primera Instancia de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones