Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton.
Mediante la opinión del Tribunal, unas personas que nunca fueron demandadas ni traídas al pleito están obligadas a responder por una sentencia que fue dictada contra una entidad que no tiene capacidad jurídica para ser parte en un pleito. Por entender que en dicho proceso hubo un defecto insubsanable basado en la ausencia de jurisdicción, consideramos que el dictamen está viciado de nulidad y, por lo tanto, disentimos del curso de acción tomado por la mayoría.
I
En el caso a quo se presentó una demanda por despido injustificado y discrimen por impedimento físico contra Comtec Communication (Comtec), bajo el entendido de que esta entidad estaba debidamente incorporada. De la misma manera se expidió el correspondiente emplazamiento, el cual se diligenció en la persona del supuesto vicepresidente de Comtec, en representación de ésta.
El foro de instancia dictó una sentencia en rebeldía contra Comtec. En la fase de ejecución de sentencia, la parte demandante se percató de que Comtec no existía como *713 corporación. En consecuencia, solicitó que se aplicara la sentencia a las personas naturales que actuaron en nombre de Comtec, a pesar de que éstas nunca fueron demandadas ni traídas al pleito.
Celebrada una vista evidenciaría, el foro de instancia enmendó la sentencia para imponerle responsabilidad solidaria a las personas naturales que actuaron en nombre de Comtec, quienes —a su entender— fueron cocausantes del daño. El foro intermedio confirmó el dictamen.
La parte peticionaria impugna ante nos esa decisión. Alega que es una grave injusticia que se le responsabilice por una sentencia que se dictó en un proceso del cual no fue parte. A pesar de ello, la mayoría de este Tribunal resuelve que las personas que operaban el negocio bajo el nombre común de Comtec quedaron debidamente demandadas y emplazadas a través de la Regla 15.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Por lo tanto, considera que procede responsabilizar a esas personas por la sentencia emitida. De acuerdo con los principios básicos vigentes en nuestro ordenamiento con respecto a la jurisdicción en personam, estamos impedidos de endosar ese proceder y, por ello, disentimos de la mayoría.
HH
Los tribunales debemos ser celosos guardianes del ejercicio de nuestra jurisdicción. Por ende, para poder ejercitar válidamente dicha autoridad, debemos poseer jurisdicción sobre la materia y sobre las personas involucradas en el litigio. Medina v. Medina, 161 D.P.R. 806 (2004).
El concepto “jurisdicción sobre la persona” está procesal y sustantivamente entrelazado con el concepto “parte en un litigio”. Para ser parte demandante o demandada en un litigio es necesario, primero, ser persona con personalidad y capacidad jurídica para ser objeto de derecho. Esa condición es propia de las personas naturales desde el naci *714 miento y de las corporaciones desde que quedan válidamente constituidas. Pino Development Corp. v. Registrador, 133 D.P.R. 373 (1993).
Además, para ser parte demandada en un pleito se requiere que la persona contra quien se dirige la reclamación sea designada en la demanda por su nombre correcto y que se le notifique personalmente del pleito. Núñez González v. Jiménez Miranda, 122 D.P.R. 134 (1988); Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807 (1986). La notificación al demandado de que existe un procedimiento judicial en su contra se realiza a través del emplazamiento. Mediante ese mecanismo procesal se garantiza al demandado el derecho a ser oído que exige el debido proceso de ley. Rivera v. Jaume, 157 D.P.R. 562 (2002); First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901 (1998); Acosta v. ABC, Inc., 142 D.P.R. 927 (1997).
Cónsono con lo anterior, en diversas ocasiones hemos reiterado que, como norma general, es necesario un cumplimiento estricto con los requisitos exigidos para el emplazamiento. Chase Manhattan Bank v. Polanco Martínez, 131 D.P.R. 530 (1992). Por tal razón, la falta de diligenciamiento de un emplazamiento priva al tribunal de jurisdicción sobre la persona e invalida cualquier sentencia en su contra. No es hasta que se diligencia el emplazamiento que la persona puede ser considerada como parte en el pleito y el tribunal adquiere jurisdicción sobre su persona, aunque haya sido nombrada en el epígrafe de la demanda. Antes de ese momento, sólo es parte nominal. Acosta v. ABC, Inc., supra.
En lo que concierne al diligenciamiento del emplazamiento, debemos tener presente que se debe efectuar personalmente. Por lo tanto, si el demandado es una persona natural mayor de edad, se le entregará copia del emplazamiento y de la demanda a ella personalmente o a un agente autorizado o designado por ley. Regla 4.4(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III. En caso de una reclamación contra una corporación, el diligenciamiento se hace por conducto de personas adecuadamente autorizadas para *715 recibir emplazamientos a nombre de la corporación. Regla 4.4(a) de Procedimiento Civil, supra; Art. 12.01 de la Ley General de Corporaciones de 1995 (14 L.P.R.A. see. 3126).
Finalmente, cabe destacar que en nuestro sistema procesal rige el principio del demandante diligente. Por ello, un demandante tiene el deber de realizar todos los actos necesarios para conferirle completa jurisdicción al tribunal sobre la persona del demandado. Por consiguiente, “en forma alguna viene obligado un demandado a cooperar con el demandante en el proceso del diligenciamiento del emplazamiento en su persona”. Véanse: Reyes v. E.L.A. et al., 155 D.P.R. 799 (2001); First Bank of P.R. v. Inmob. Nac., Inc., supra.
III
La opinión del Tribunal sostiene que en este caso quedaron debidamente demandadas y emplazadas las personas que operaban bajo el nombre común de Comtec. No estamos de acuerdo.
En este caso no está en controversia el hecho de que Comtec no es una persona natural ni existe como corporación. Como no tiene capacidad para ser objeto de derecho, Comtec no podía ser parte en el litigio. Así, al demandarse solamente a Comtec y al diligenciarse el correspondiente emplazamiento por conducto de una persona natural en representación de Comtec, en realidad no se demandó ni se adquirió jurisdicción sobre parte alguna. En efecto, tampoco se adquirió jurisdicción sobre la persona natural del supuesto vicepresidente de Comtec, ya que éste nunca fue demandado en su carácter personal. Ciertamente, el hecho de que recibió un emplazamiento a nombre de otro no es suficiente para adquirir jurisdicción sobre su persona.
Conforme a lo anterior, en este caso no hubo una parte demandada, por lo que se configuró un defecto insubsanable de jurisdicción que vicia de nulidad la sentencia emitida. Por ende, dicha sentencia no podía ser ejecutada *716 ni podía enmendarse para que aplicara a personas naturales que nunca fueron parte en el pleito. Resolver lo contrario implicaría trastocar la normativa vigente sobre jurisdicción in personam, la cual se impone por imperativo del debido proceso de ley.
Ahora bien, ante las circunstancias de este caso, para adquirir jurisdicción procedía demandar a las personas naturales que actuaron en peijuicio de la parte demandante y emplazar a cada una en su carácter personal. Sin embargo, la mayoría resuelve que las personas que operaban bajo el nombre común de Comtec quedaron debidamente emplazadas de acuerdo con lo dispuesto por la Regla 15.3 de Procedimiento Civil, supra:
Cuando dos o más personas operen un negocio bajo un nombre común, comprenda éste o no los nombres de dichas personas, éstas podrán ser demandadas bajo el referido nombre común, siendo suficiente emplazar a una de ellas. 32 L.P.R.A. Ap. III.
La mayoría entiende que al haberse demandado a Comtec y haberse emplazado al vicepresidente de Comtec, se cumplió con lo dispuesto en dicha norma. Ello por la mera circunstancia de que el supuesto vicepresidente de Comtec era una de las personas que hacía negocios bajo el nombre de Comtec.
Dicha interpretación altera sustancialmente el significado y el uso que debe dársele a la Regla 15.3 de Procedimiento Civil, supra. Opinamos que para que aplique dicha norma es necesario identificar claramente en el pliego de la demanda el nombre común y las personas que utilizan ese nombre para hacer negocios. Una vez cumplido con ese requisito de parte nominal, la norma exime del deber de emplazar a todas las personas identificadas en la demanda y solamente requiere que se emplace a una de ellas. Es decir, debe diligenciarse personalmente el emplazamiento dirigido a tal persona como parte demandada. Por lo tanto, dicha norma no puede aplicar en casos como éste, donde erróneamente se demandó a una corporación que no existe y se emplazó a uno de los supuestos oficiales en represen *717 tación de dicha corporación. De lo contrario, sería innecesario indagar si la parte contra la cual se quiere reclamar es o no es una corporación. Ello en vista de que con el mero acto de demandar a la corporación y emplazar a uno de sus oficiales, se adquiriría igualmente jurisdicción sobre la corporación, si existe, o sobre quien opera bajo ese nombre común si la corporación no existe. Este resultado no es cónsono con nuestro ordenamiento procesal civil que, precisamente, establece unas normas específicas para adquirir jurisdicción sobre las personas jurídicas y que, además, requiere cierta diligencia de parte del demandante a la hora de identificar y emplazar al demandado. De acuerdo con todo lo anterior, disentimos del criterio de la mayoría.